415R



**THE CITY OF NEW YORK**
**DEPARTMENT OF CORRECTION**

# DIRECTIVE

| [ ] NEW | [ ] INTERIM | [X] REVISED | SUBJECT | |
|---|---|---|---|---|
| **EFFECTIVE DATE**<br>**11/20/15** | | *TERMINATION DATE<br>/ / | **USE OF FORCE** | |

| CLASSIFICATION #<br>**5006R-D** | SUPERSEDES<br>**5006R-C** | DATED<br>**01/31/08** | APPROVED FOR WEB POSTING<br>[ ] YES  [X] NO | DISTRIBUTION<br>**A** | PAGE **1** OF **27**<br>PAGES |
|---|---|---|---|---|---|

| RECOMMENDED FOR APPROVAL BY REVIEW BOARD MEMBER | AUTHORIZED BY THE COMMISSIONER |
|---|---|
| *(signature)*<br>MARTIN J. MURPHY, CHIEF OF DEPARTMENT    SIGNATURE | *(signature)*<br>JOSEPH PONTE                                           SIGNATURE |

## I.   PURPOSE

The purpose of this Directive is to outline New York City Department of Correction (Department) policy and procedures concerning the use of force (including the use of associated security equipment) as well as to articulate the Department's commitment to apply force in the most responsible manner possible to minimize injuries to both Staff and Inmates and to achieve the Department's objective of resolving potential physical confrontations between Staff and Inmates through methods other than the use of force whenever possible.

## II.   POLICY

A.   The best and safest way to manage potential Use of Force situations is to prevent or resolve them without physical force.

B.   Staff shall use practical techniques to prevent Use of Force situations and/or resolve them without physical force consistent with Department training and policies.

C.   When using force, Staff shall always use the minimum amount necessary to stop or control the resistance or threat encountered and it must be proportional to the resistance or threat encountered.

D.   The Department has a zero tolerance policy for excessive and unnecessary force.

E.   Staff shall cease use of all force when control of the Inmate has been established. (This does not mean that physical control over the Inmate must be relinquished. Moving, escorting, transporting, or applying restraints to a compliant Inmate is not a use of force.)

F.   The use of excessive and/or unnecessary force is expressly prohibited.

G.   The Department strictly prohibits the use of high impact force, including:

416R



| EFFECTIVE DATE<br>**11/20/15** | SUBJECT | **USE OF FORCE** | |
|---|---|---|---|
| CLASSIFICATION #<br>**5006R-D** | | | |
| DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **2** OF **27** PAGES | |

## II.  POLICY (Cont.)

1.  Strikes or blows to the head, face, groin, neck, kidneys, and spinal column;

2.  Kicks; and

3.  Choke holds, carotid restraint holds, and other neck restraints.

**Note:**   **There is an exception to 1, 2, and 3 above.  In a situation where a Staff Member or other person is in imminent danger of serious bodily injury or death, and where lesser means are impractical or ineffective, Staff Members may use any necessary means readily available to stop or control the situation.**

H.   All Staff who witness a clearly excessive Use of Force (*e.g.,* force used for the sole purpose of causing harm) are required to attempt to stop or reduce the force being used where practical and consistent with safety and security.

I.   All Staff have a duty to protect Inmates from harm and have a responsibility to intervene to de-escalate confrontations as soon as it is practical and reasonably safe to do so.

J.   Staff are prohibited from deliberately submitting a false and/or misleading report regarding a use of force incident.

K.   The provisions of this Directive apply to all facilities, units, and divisions, to all Department employees and to all Non-DOC Staff.

L.   Failure to comply with any of the provisions of this Directive may result in disciplinary action up to and including termination from employment with the Department for Staff, and denial of access to Department Facilities for Non-DOC Staff.

## III.  DEFINITION OF A USE OF FORCE

A Use of Force is any instance where Staff use their hands or other parts of their body, objects, instruments, chemical agents, electronic devices, firearms, or any other physical method to restrain, subdue, or compel an Inmate to act or stop acting in a particular way. The term "Use of Force" does not include moving, escorting, transporting, or applying restraints to a compliant Inmate.

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT **USE OF FORCE** | |  |
|---|---|---|---|
| CLASSIFICATION # **5006R-D** | | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING  ☐ YES  ☒ NO | PAGE **3** OF **27** PAGES | |

## IV. DEFINITIONS AND ACRONYMS

A. Anticipated Use of Force: a situation, including but not limited to cell extractions, in which it is apparent that Staff will likely need to use force to address the situation and there is time to prepare a plan of action prior to using force.

B. Use of Force Incident: any incident in which Staff engages in the Use of Force, or is alleged to have engaged in the Use of Force, against an Inmate.

C. Deadly Physical Force: force which, under the circumstances used, is readily capable of causing death.

D. Serious Physical Injury: any physical injury which creates a substantial risk of death, or which causes death, or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.

E. Carotid Restraint Hold: the bilateral (two-sided) compression of the carotid arteries and jugular veins at the sides of the neck, which may result in diminished blood flow to the brain. This abrupt reduction of blood significantly affects the ability of the brain to remain in an "awake state" and leads to unconsciousness.

F. Chokehold: any pressure to the neck, throat, or windpipe, which may prevent or hinder breathing or reduce intake of air.

G. Class A Use of Force: a classification used to describe Use of Force Incidents that require medical treatment beyond the prescription of over-the-counter analgesics or the administration of minor first aid, including those resulting in one or more of the following treatments/injuries: multiple abrasions and/or contusions, chipped or cracked tooth, loss of tooth, laceration, puncture, fracture, loss of consciousness, concussion, suture, internal injuries (e.g., ruptured spleen, perforated eardrum, etc.), or admission to a hospital.

H. Class B Use of Force: a classification used to describe Use of Force Incidents that:

   1. Do not require hospitalization or medical treatment beyond the prescription of over-the-counter analgesics or the administration of minor first aid (e.g., Use of Force Incidents that result in a superficial bruise, scrape, scratch, or minor swelling); or

   2. Involve the forcible use of mechanical restraints in a confrontational situation that results in minor injury.

416R

| | EFFECTIVE DATE<br>**11/20/15** | SUBJECT<br>**USE OF FORCE** | | |
|---|---|---|---|---|
| | CLASSIFICATION #<br>**5006R-D** | | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **4** OF **27** PAGES | |

## IV.   DEFINITIONS AND ACRONYMS (cont.)

I.    Class C Use of Force: a classification used to describe Use of Force Incidents that result in no injury to Staff Members or Inmates, including, but not limited to, Use of Force Incidents where the use of chemical agents spray results in no injury beyond irritation that can be addressed through decontamination.

J.    Class P Use of Force: a temporary classification used to describe Use of Force Incidents where there isn't enough information available at the time of report to the Central Operations Desk (COD) to be classified as Class A, B, or C.

K.    Facility: any command or institution that secures Inmates committed to the custody of the Department.

L.    Hog-Tie: restraining a person by connecting or tying rear cuffed hands to cuffed or shackled ankles or legs.

M.    ICO: Integrity Control Officer assigned to the Investigation Division.

N.    ID: the Investigation Division of the Department.

O.    Inmate: any individual committed to the custody of the Department via court order or detainer warrant and who is detained at or otherwise housed, held, or confined in a Department facility.

P.    Non-DOC Staff or Non-DOC Staff Member: any person not employed by the Department who is employed by the City or contracted by the City to provide medical and/or mental health care, social services, counseling, or educational services to Inmates.

Q.    Resistance: the failure of an Inmate to follow commands from a uniformed Staff Member. Resistance may be passive, active, aggressive, or deadly. The level of resistance may remain steady, increase, and/or decrease during an incident.

R.    Staff or Staff Member: any uniformed individual employed by the Department.

S.    Civilian or Civilian Staff Member: any non-uniformed individual employed by the Department.

T.    Supervisor: a uniformed Staff Member at the rank of Captain or higher.

416R

| | EFFECTIVE DATE **11/20/15** | SUBJECT | | |
|---|---|---|---|---|
|  | | **USE OF FORCE** | |  |
| | CLASSIFICATION # **5006R-D** | | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING  ☐ YES  ☒ NO | PAGE **5** OF **27** PAGES | |

## V.   GUIDELINES

**A.**   WHEN FORCE MAY BE USED

When reasonable, and in accordance with Department policy and law, force may be used on an Inmate as follows:

1.   As a last resort and where there are no practical alternatives available to prevent physical harm to Staff, visitors, Inmates, or other persons; or

2.   To prevent or stop the commission of crimes, including riot, assault, escape, or hostage taking; or

3.   To prevent or stop the throwing or spitting of or any liquid substance, including but not limited to saliva, blood, seminal fluid, urine, and feces; or

4.   To prevent the destruction of property that raises a safety or security risk; or

5.   To effect an arrest when resistance is encountered; or

6.   To enforce Departmental or Facility rules, policies, regulations, and/or court orders where lesser means have proven ineffective and there is an immediate need for compliance; or

7.   To prevent an Inmate from inflicting self-harm; or

8.   As a last resort, when an Inmate in restraints is still dangerous to himself/herself and/or others.

**B.**   RESTRICTIONS ON USE OF FORCE AND OTHER PROHIBITED CONDUCT

1.   Staff is prohibited from using force:

   a.   To punish, discipline, assault, or retaliate against an Inmate;

   b.   In response to an Inmate's verbal insults, threats, or swearing;

   c.   After control of an Inmate has been already established;

   d.   To employ unnecessarily painful escort or restraint techniques without lawful purpose;

2.   Staff is also prohibited from engaging in the following actions:

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT | **USE OF FORCE** | |
|---|---|---|---|
| CLASSIFICATION # **5006R-D** | | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **6** OF **27** PAGES | |



**V.   GUIDELINES (Cont.)**

      a.   Provoking Inmates to commit an assault (in order to justify the Use of Force, or for any other reason);

      b.   Using racial, ethnic, homophobic, or otherwise derogatory slurs or obscenities towards any Inmate;

      c.   Subjecting an Inmate to harassment or public humiliation;

      d.   Causing, instigating, or facilitating Inmate-on-Inmate violence;

      e.   Pressuring or coercing Inmates, Staff, or Non-DOC Staff to not report a Use of Force Incident;

**C.**   All use of force tactics and any associated security devices and equipment shall be used in accordance with department policy and training; and only when necessary and reasonably applicable to a particular use of force incident.

**D.**   Staff shall only use security devices and equipment issued and authorized by the Department and only with the required training and/or authorization. **The exception is in a situation in which a Staff Member or other person is in imminent danger of Serious Physical Injury or death and Department-authorized types and instruments of force are unavailable, impractical or ineffective.   In such circumstances Staff Members may use any necessary means readily available to stop or control the situation.**

**VI.   PROCEDURES**

**A.**   PRIOR TO A USE OF FORCE

    **1.**   CONFLICT   RESOLUTION   ALTERNATIVES   AND   DE-ESCALATION TECHNIQUES

      Staff shall first try to de-escalate and resolve the situation by talking to the Inmate, if time and circumstances permit.   Many potential use of force situations can be resolved without force through some combination of time and distance.   For example, when an Inmate refuses an order, force should not be the first response.   Instead, the following techniques should be employed:

      a.   Act and speak in a deliberate manner in an attempt to verbally persuade the Inmate to comply.   That is different than simply repeating direct orders;

416R



| | EFFECTIVE DATE<br>**11/20/15** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION #<br>**5006R-D** | **USE OF FORCE** | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **7** OF **27** PAGES | |



## VI.  PROCEDURES (Cont.)

    b.    Keep a safe distance and consider distance to minimize confrontational position;

    c.    Listen to the Inmate and ask for his/her cooperation;

    d.    Explain the consequences of the Inmate's behavior;

    e.    Request the assistance of a supervisor and additional Staff.

    Note:    There may be circumstances in which warnings and other non-force alternatives such as talking an Inmate into compliance, are not reasonably available to Staff or are impractical or ineffective.  Further, even when such non-force alternatives are employed, the situation may devolve to where Staff need to use physical force immediately or very quickly.  **Staff are not obligated to start at the lowest level of force, or to exhaust every lesser level in escalating to an effective level.**

    2.    Where practical, Staff shall withhold employing physical force until the following conditions have been met.

        a.    A warning or command has been given, and if practical, repeated.

        b.    The Inmate has had time to comply with the warning or command.

        c.    It appears that the Inmate is going to continue to resist the order or the Staff's effort to control the situation.

        d.    Additional non-force alternatives, including crisis intervention methods and specific defusing techniques, are not reasonably available, or have been unsuccessful, and the situation cannot be reasonably allowed to continue.

    3.    ANTICIPATED USE OF FORCE

        a.    "Anticipated Use of Force" is a situation in which it is apparent that Staff Members will likely need to use force to address the situation and there is time to prepare a plan of action prior to using force. Some examples of anticipated uses of force may include but are not limited to situations in which an Inmate:

            i.    Refuses to go to court;

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT | **USE OF FORCE** |  |
|---|---|---|---|
| CLASSIFICATION # **5006R-D** | | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING  ☐ YES  ☒ NO | PAGE **8** OF **27** PAGES | |

## VI.   PROCEDURES (Cont.)

      ii.    Refuses to leave a cell or lock-in when ordered to do so;

      iii.   Is not complying with search procedures.

      Note:   Anticipated uses of force may occur inside or outside a cell or search area.

      iv.   Extractions: Extractions are an Anticipated Use of Force generally carried out in a controlled environment where alternatives to conflict have been exhausted and force must be employed to control the Inmate's conduct.  Extractions may only be conducted by officers who have been trained on the proper procedures and protocols to ensure Staff and Inmate safety, unless exigent circumstance exist which shall be documented.

      Note:   It is not always possible to predict when a confrontation with an Inmate will require the use of force and therefore it is not possible to anticipate every use of force. To determine whether force is likely and whether delay would be harmful, Staff should consider the circumstances, including the location of the Inmate, the layout of a particular facility, and the safety, well-being, and location of other Staff and Inmates.

    b.   Whenever the use of force is anticipated a supervisor shall be summoned to the scene as soon as possible. All further actions shall be under his/her direction unless circumstances change and the use of force becomes necessary before the supervisor arrives. In such emergency situations where it is not possible or practical to notify a supervisor, Staff may use appropriate force consistent with this policy (e.g., hospital outpost, etc.).

    c.   The supervisor shall notify the on-duty Tour Commander prior to carrying out any anticipated force operation to obtain his/her approval before proceeding.

    d.   TACTICAL COMMUNICATION

      The supervisor at the scene of an anticipated or actual use of force should maintain a dialogue with the Tour Commander in order to develop a strategy to address the situation at hand. The objectives of this strategy should include:

416R



| EFFECTIVE DATE<br>**11/20/15** | SUBJECT<br><div align="center"># **USE OF FORCE**</div> | |
| CLASSIFICATION #<br>**5006R-D** | | |
| DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **9** OF **27** PAGES |



## VI.  PROCEDURES (Cont.)

    i.    Obtaining the Inmate's compliance or resolving the conflict with no force or a minimal amount of force;

    ii.    The Supervisor conferring with a medical care staff member prior to the use of force to gather pertinent information about the Inmate's medical condition and mental health status to ensure that there are no issues that contraindicate the application of any specific type of force (e.g., clearance for the use of chemical agents or Electronic Immobilization Shield, etc.);

    iii.    Ensuring that sufficient Staff is available and properly equipped to control the situation;

    iv.    When practical, the Supervisor shall notify the Tour Commander if the anticipated or actual Use of Force is escalating beyond the initial assessed scenario and seek guidance in such a circumstance; and

    v.    Ensuring that any actions that are taken are consistent with Department policies and procedures contained in this Directive.

    e.    In all anticipated Use of Force situations, Staff shall immediately obtain a video camera and begin recording the event as soon as feasible except where safety or security concerns require an immediate response that would make waiting for the provision of a camera a risk to the safety, security, and good order of the institution.

    i.    Commanding Officers shall ensure that a sufficient number of operable cameras are available for use at their command.  At the commencement of each tour, the Tour Commander shall ensure that all video cameras are operable, there are sufficient video tapes and charged batteries, and that all supervisors know where they are located and how to access them when needed.

    f.    The first Use of Force in an anticipated Use of Force situation shall be the use of chemical agents, unless circumstances dictate otherwise (e.g., an Inmate, due to mental impairment, is unable to conform to verbal directives).  Unless circumstances dictate otherwise, once the chemical agent has been properly dispersed to the prescribed target area, Staff shall wait a minimum of sixty to one hundred twenty (60 - 120) seconds to allow the chemical agents to take full effect before applying additional chemical agent(s) or initiating some other level of force, and as long as

| | EFFECTIVE DATE<br>**11/20/15** | SUBJECT<br><br>**USE OF FORCE** | | |
|---|---|---|---|---|
| 416R | CLASSIFICATION #<br>**5006R-D** | | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES   ☒ NO | PAGE **10** OF **27** PAGES | |

## VI.  PROCEDURES (Cont.)

doing so would not jeopardize the safety and security of staff members or the institution in accordance with Directive 4510R-G, "Chemical Agents."

4.  MENTAL HEALTH INTERVENTION PRIOR TO CARRYING OUT AN ANTICIPATED USE OF FORCE

a.  When it becomes evident that force will be necessary to resolve the situation in an Anticipated Use of Force, a Mental Health professional shall be summoned to the scene to attempt to persuade the Inmate to cooperate with uniformed personnel. Mental Health staff shall be required only under the following conditions:

i.  A member of the Mental Health staff is reasonably available at the time of the anticipated use of force; and

ii.  The intervention does not pose a physical threat to the responding Mental Health professional or others.

b.  The facility Tour Commander shall allow the Mental Health provider a reasonable amount of time to gain the Inmate's compliance provided that such action does not adversely affect the operation of the facility. The Mental Health Professional shall document the time of his/her arrival and departure and attempt to persuade the Inmate to cooperate. The Mental Health Professional shall document their efforts to resolve the situation without force, and to the extent to which those efforts were successful.  In the event that the intervention does not achieve the desired result of gaining the Inmate's compliance, the Mental Health professional shall be directed to depart the area.  Force may then be utilized in the manner prescribed in accordance with Departmental training and this Directive.

B.  DURING A USE OF FORCE

1.  USE OF FORCE TECHNIQUES

a.  Force may be used in accordance with Departmental training and this Directive.

b.  The need for physical force is established by considering all elements of the situation confronting Staff and by the type and amount of resistance exhibited by the Inmate and applying an objective "reasonableness" standard. The Department acknowledges that Staff decisions must be based on their perceptions during the situation, rather than on analysis

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT **USE OF FORCE** | |
|---|---|---|
| CLASSIFICATION # **5006R-D** | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **11** OF **27** PAGES |



## VI. PROCEDURES (Cont.)

after the fact; however, the reasonableness of the force must be judged from the perspective of a reasonable Staff Member on the scene at the time of the incident.

c. The Inmate's level of resistance will always determine a Staff Member's response. The amount of resistance exhibited by an Inmate may vary during the incident and as such, the amount of force that may be applied will vary in accordance with the Inmate's resistance level. <u>Staff shall cease use of all force when control of the Inmate has been established.</u> (This does not mean that physical control over the Inmate must be relinquished. Moving, escorting, transporting, or applying restraints to a compliant Inmate is not a use of force.)

d. Generally, when an Inmate presents passive resistance by, for example, being verbally abusive or by refusing an order, the Staff Member should summon a supervisor, maintain a safe distance, and use interpersonal communication skills to resolve the situation. When confronted with active resistance, where, for example, an Inmate may pull or push away from staff, or tense or brace his/her body to prevent or avoid a Staff Member's control of the Inmate, the Staff Member may apply a combination of body holds and soft hand techniques to reassert control of the inmate. In these cases, the Staff Member may not feel threatened and the Inmate's actions are not likely to cause injury. When confronted with aggressive resistance, where, for example, an Inmate (with or without a weapon) attempts to push, throw, strike, tackle, or otherwise physically harm a Staff Member or another person, appropriate force is authorized. When an Inmate presents deadly resistance whereby his/her actions will seriously injure or kill the Staff Member or another person, the Staff Member is authorized to respond with appropriate force, in accordance with this policy and the law, to stop the attack.

e. When force is necessary, the amount of force used at any time should be the minimum amount necessary to regain control of the Inmate and/or situation. The first Use of Force shall be the use of chemical agents, unless circumstances dictate otherwise (e.g., an Inmate, due to mental impairment, is unable to conform to verbal directives). Not all options will be available in all circumstances; as such, Staff shall start with the minimum amount of force that appears warranted by the situation in such a manner that minimizes injuries to Staff and Inmates. Force may increase as the situation becomes more dangerous or threatening and decrease as the situation comes under control. Staff should not use

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT | **USE OF FORCE** | |  |
|---|---|---|---|---|
| CLASSIFICATION # **5006R-D** | | | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **12** OF **27** PAGES | | |

## VI.   PROCEDURES (Cont.)

strikes if control holds, grasping, or pushing would be adequate to restrain the Inmate.

f.    The actions described below are listed in order of least to greatest degree of force:

i.    Employ Interpersonal Communication skills (talking with the Inmate).  Staff should try to resolve the situation by talking to the Inmate, and whenever possible use de-escalation and conflict resolution methods.

ii.    Seek intervention by Mental Health staff, when appropriate.

iii.    Use non-contact control techniques such as hand-held chemical agents.

iv.    Apply a combination of control holds or take-down techniques, including soft-hand techniques such as grasping or pushing the Inmate to gain compliance and control over the Inmate.

v.    Employing an authorized weapon, such as an Electronic Immobilization Shield, in an authorized manner consistent with Department training.

vi.    Apply a combination of blocks and/or strikes to the Inmate's body other than on the head, face, groin, neck, kidneys, and spinal column, until the Inmate discontinues the attack and is under control.

vii.    Employing an authorized weapon, such as a baton, in an authorized manner consistent with Department training.  When using a baton, blows shall be directed away from the head, face, groin, neck, kidneys, and spinal column.

viii.    Kicking an Inmate or striking an Inmate with institutional equipment is prohibited.  Institutional equipment includes, but is not limited to: keys, flashlights, and handcuffs.

ix.    Employing a choke hold, or intentionally striking an Inmate's head against the wall, floor, or other object, is prohibited.

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT | **USE OF FORCE** | |
|---|---|---|---|
| CLASSIFICATION # **5006R-D** | | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES  ☒ NO | PAGE **13** OF **27** PAGES | |



## VI.   PROCEDURES (Cont.)

       x.   An <u>exception</u> exists to i-viii, above:  In a situation where a Staff Member or other person is in imminent danger of Serious Physical Injury or death and Department-authorized types and instruments of force are unavailable, impractical or ineffective, Staff Members may use any necessary means readily available to stop or control the imminent threat.

       xi.   Multiple punches, kicks and strikes should not be employed if a single blow is sufficient to stop the Inmate's attack.  Blows or strikes shall never be utilized if control holds, grasping, or pushing would be effective in restraining an Inmate.

   g.   A supervisor shall be summoned to the scene of a Use of Force as soon as possible.

  2.   VIDEO CAMERAS

   a.   Handheld video cameras shall be used in the following situations, except where safety or security concerns require an immediate response that would make waiting for the provision of a camera a risk to the safety, security, and good order of the institution:

       i.   Responding to a Use of Force Incident;

       ii.   All cell extractions;

       iii.   All probe team actions; and

       iv.   Facility living quarter searches conducted by the Emergency Services Unit, except Tactical Search Operations (TSO), random searches, and strip searches.  Inmate resistance during a TSO, random search, or strip search, however, would trigger video recording if it is reasonably believed that a Use of Force or assault on Staff is about to occur or occurs.

  3.   RESTRAINTS

   a.   Mechanical restraints may not be used:

       i.   To punish an Inmate by leaving the restraints applied for an excessive period of time or using them in an unauthorized manner (such as Hog-Tying);

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT | | |
|---|---|---|---|
| CLASSIFICATION # **5006R-D** | **USE OF FORCE** | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **14** OF **27** PAGES | |



## VI.  PROCEDURES (Cont.)

    ii.   About the head or neck of an Inmate;

    iii.  To restrict the blood circulation or breathing of an Inmate.

  b.   A gurney or other authorized carrying device <u>must</u> be used when:

    i.    The application of mechanical restraints alone will not sufficiently prevent injury to an Inmate resisting a transfer from one location to another, or to Staff.

    ii.   When an Inmate has removed his or her clothing and refuses to re-clothe him or herself (in which case the Inmate will be covered after being secured on the gurney or other authorized carrying device).

  c.   A gurney or other authorized carrying device <u>may</u> be used when necessary to transfer a physically resisting Inmate from one location to another.

  d.   Whenever a gurney or other authorized carrying device is utilized, Staff shall make an effort to position the Inmate on his or her side or back to reduce the risk of positional asphyxia.

4.  DEADLY PHYSICAL FORCE

  a.   Deadly Physical Force as a Last Resort

      Deadly physical force may be used against an Inmate in accordance with the law and may only be used as a last resort in the situations listed below when all other means have been attempted or it is reasonably believed that any other means would be ineffective:

    i.    To prevent imminent death or Serious Physical Injury to one's self or another person.

    ii.   To prevent escape by an Inmate from a correctional facility or from custody while in transit to or from such facility.

    iii.  To suppress a riot when there is reason to believe that an Inmate(s) poses an imminent threat of escape, death, or Serious Physical Injury to another person.

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT | **USE OF FORCE** | |
|---|---|---|---|
| CLASSIFICATION # **5006R-D** | | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **15** OF **27** PAGES | |



## VI.  PROCEDURES (Cont.)

    iv.  To prevent unauthorized persons, vehicles or aircraft from attempting to breach the perimeter fence of a facility in order to assist in an escape or insurrection by Inmates(s).

    v.  To prevent or stop extensive damage of property if, and only if, it is determined that its loss or damage would directly lead to escape, loss of life, or Serious Physical Injury.

    vi.  In situations involving hostages, deadly force may be used to prevent an escape, or to prevent death or Serious Physical Injury to the hostage(s), whether an employee, Inmate, or civilian.

  5.  USE OF FORCE INCIDENTS AND THE POTENTIAL FOR POSITIONAL ASPHYXIA

Due to physical exertion, use of chemical agents, or the application of restraints during a use of force the Inmate may experience difficulty breathing normally. Staff shall follow the guidelines below as to avoid contributing to the Inmate's potential breathing distress. Staff shall also be mindful that an Inmate's ability to speak does not mean that he or she has adequate oxygen.

    a.  Staff shall attempt to monitor the breathing of any Inmate placed faced down on the floor or ground during the application of restraints, and, if an Inmate is observed having difficulty breathing, or reports not being able to breathe, Staff shall call for medical assistance immediately;

    b.  If an Inmate is face down on the ground or floor and resisting restraint, Staff shall not compress the Inmate's chest by placing weight on his or her upper back.

    c.  As soon as an Inmate is restrained, Staff shall place the Inmate on his or her side on the floor or ground (or sitting up) until the Inmate is moved. Inmates transported by gurney or stretcher shall be placed on their sides if practical or on their backs as a second choice if necessary.  Nothing shall prevent Staff from placing the Inmate face down on a gurney, a stretcher, or the floor to protect themselves or others from assault (e.g., the Inmate is spitting blood or saliva).  Staff shall conduct heightened visual observation if the Inmate is placed face down to ensure that the Inmate's airways is not obstructed and to avoid any possibility of positional asphyxia.

416R

| | EFFECTIVE DATE **11/20/15** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **5006R-D** | **USE OF FORCE** | |  |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **16** OF **27** PAGES | |

## VI.   PROCEDURES (Cont.)

C.   AFTER A USE OF FORCE

1.   ESCORT SELECTION

The Tour Commander shall ensure that Staff who are most directly involved in a Use of Force are not selected to escort the Inmate(s) away from the scene, including for medical attention or to a secure holding area, unless no other practical alternatives exist.

2.   MEDICAL ATTENTION

a.   Whenever a chemical agent or other use of force, as defined by this Directive, is used against an Inmate, the Tour Commander or supervisor assigned by the Tour Commander shall, as soon as possible, ensure that the Inmate and injured Staff are afforded examination by medical staff to determine the extent of injuries, if any, and provided proper medical attention if needed.  To the extent practical, Staff and Inmates shall be separated while awaiting medical assessment and during medical treatment.  When managing incidents involving multiple Inmates and/or injured Staff, the Tour Commander or supervisor assigned by the Tour Commander shall ensure that all parties are presented to medical staff as soon as possible and if separation of Inmates is required, that medical staff are brought to a separate location where any injured persons can be evaluated in a timely fashion.

b.   If the Inmate or Staff Member refuses medical care, the Inmate or Staff Member shall be asked to sign a form in the presence of medical staff documenting that medical care was offered to the individual, that the individual refused the care, and the reason given for refusing, if any.

c.   When an Inmate visits the clinic following a Use of Force Incident the Department shall record in the Department's Inmate Information System the time when the Inmate arrived at the medical clinic, the time they were produced to a clinician, and the time treatment was completed.  The Department shall also record which Staff Members were in the area to receive post-incident evaluation or treatment.

d.   Injury to Inmate Reports shall be completed by medical staff.

3.   EVIDENCE

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT | **USE OF FORCE** | |
|---|---|---|---|
| CLASSIFICATION # **5006R-D** | | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **17** OF **27** PAGES | |



## VI.   PROCEDURES (Cont.)

The Tour Commander shall also ensure that any physical evidence is preserved in accordance with Operations Order 05/07, "Crime Scene Incident Management."

4.   PHOTOGRAPHING OF STAFF MEMBER AND INMATE INJURIES RESULTING FROM A USE OF FORCE OR AN ALLEGATION OF A USE OF FORCE

a.   After a Use of Force incident or an allegation of a Use of Force, a Captain assigned by the Tour Commander shall ensure that at least four (4) color digital photographs are taken of each Inmate involved in the incident, capturing any visible injuries, from no more than four (4) feet away. These photographs shall be taken regardless of whether the Inmate is injured. At least four (4) color digital photographs also shall be taken of each Staff Member who sustained injuries during a use of force incident. The photographs shall capture the Staff Member and Inmate from the waist up, showing left, right, front, and back views. The Staff Member's and Inmate's face shall be included in all left, right and front facing photographs. A color printer shall be installed in each facility Tour Commanders' office for the sole purpose of printing each photograph taken resulting from a Use of Force incident or an allegation of a use of force.

If the four (4) photographs do not capture the visible injuries on the Staff Member's or Inmate's body, the assigned Captain shall ensure that additional photographs are taken which may be necessary to show all visible injuries. However, such photographs shall not be required whenever:

i.   In the judgment of the assigned Captain, the taking of photographs would endanger the safety of Staff and Inmates or the security of the institution;

ii.   The Staff Member or Inmate is in need of immediate medical attention; or

iii.   The Staff Member or Inmate refuses to be photographed. Any refusal to be photographed shall be documented.

b.   The health and well being of both Staff and Inmates is the highest priority. Unless inconsistent with the need for medical treatment and the

416R

| | EFFECTIVE DATE **11/20/15** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **5006R-D** | **USE OF FORCE** | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **18** OF **27** PAGES | |

## VI.   PROCEDURES (Cont.)

circumstances existing at the time, photographs shall be taken before bandages are applied to an Inmate injury.

c.   Such photographs shall be taken after a Staff Member or Inmate receives medical treatment and before the person is discharged from the medical clinic. Captains shall ensure that the best possible efforts are attempted to take clear photographs.

d.   In cases where photographs were not taken, the assigned investigator must note the reason in the investigative report with any substantiating documents, statements, and/or copies of attempted photographs showing the uncooperative Inmate.

e.   The Tour Commander shall upload the photos to the Incident Reporting System (IRS) under the appropriate Use of Force incident number where they are kept digitally and are readily available as needed.

f.   The Tour Commander shall print out and submit the photographs with the Use of Force investigation and written reports.

    i.   Set #1 of the color photographs shall be maintained on file at the facility with the original use of force investigation package; and

    ii.   Set #2 of the color photographs shall be forwarded through the Commanding Officer of the concerned facility to the respective Division Chief, attached to one of the three (3) copies of the corresponding Use of Force package that are required pursuant to this policy.

    iii.   The respective Division Chief will forward the Use of Force package with the color photographs to the Legal Division.

    iv.   The Deputy Warden for Security shall ensure adequate supplies (color ink, paper, etc.) are maintained and available to achieve this task.

5.   USE OF FORCE REPORTS

a.   REPORTING THE USE OF FORCE

416R

| | EFFECTIVE DATE **11/20/15** | SUBJECT | **USE OF FORCE** |  |
|---|---|---|---|---|
| | CLASSIFICATION # **5006R-D** | | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **19** OF **27** PAGES | |

## VI.  PROCEDURES (Cont.)

i.   Staff who employ or witness force or receive use of force allegations shall immediately report the incident to their immediate supervisor (or any supervisor if their immediate supervisor is unavailable). Those Staff and other Staff directed by the Tour Commander, ID, Inspector General, or other competent authority must prepare a written report.  All Staff required to prepare reports shall do so prior to leaving the facility unless medically unable to do so.  Necessary medical attention shall not be delayed in order to obtain an immediate report.

ii.   Staff shall prepare and submit their Use of Force Reports/Witness use of force reports as soon as practical after the Use of Force Incident, or the allegation of the Use of Force, and in no event shall leave the Facility after their tour without preparing and submitting their Use of Force Report, unless the Staff Member is unable to prepare a Use of Force Report within this timeframe due to injury or other exceptional circumstances, which shall be documented. The Tour Commander's permission shall be required for any Staff Member to leave the Facility without preparing and submitting his or her Use of Force Report and documented. If a Staff Member is unable to write a report because of injury, the Staff Member must dictate the report to a Supervisor, as soon as practical, who must include his or her name and shield number, if applicable, in the report.

iii.   In cases where the employee has received medical care and is subsequently discharged from duty for placement on medical leave, the supervisor assigned to conduct the investigation should obtain the employee's verbal statement of the incident as soon as practical and document it in the investigation.

iv.   Upon the employee's return to work he/she shall be required to submit all the required written reports.

b.   PREPARATION OF WRITTEN REPORTS

i.   Staff shall prepare a written report concerning the incident based on their own observations and personal knowledge and written independently from other Staff that were involved or were alleged to have been involved in the incident.





416R

| | EFFECTIVE DATE **11/20/15** | SUBJECT | **USE OF FORCE** | |
|---|---|---|---|---|
| | CLASSIFICATION # **5006R-D** | | | |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **20** OF **27** PAGES | |

## VI.   PROCEDURES (Cont.)

ii.   Staff shall not review video footage of the Use of Force Incident prior to completing their Use of Force Report.  If Staff review video footage at a later time, they shall not be permitted to change their original Use of Force Report, but may submit a supplemental report, which shall document that the video was reviewed prior to preparing the supplemental report.

iii.   Staff shall independently prepare their Use of Force Reports based on their own recollection of the Use of Force Incident. Staff involved in a Use of Force Incident shall not collude with each other regarding the content of the Use of Force Reports.  Staff involved in a Use of Force Incident shall be separated from each other, to the extent practical, while they prepare their Use of Force Reports.

iv.   Any Staff Member who engages in the Use of Force or witnesses a Use of Force Incident in any way or has been ordered to submit a Use of Force Report by competent authority (Uniform supervisor, ID, etc.) and either (a) fails to verbally notify his or her Supervisor, or (b) fails to prepare and submit a complete and accurate Use of Force Report, shall be subject to instruction, retraining, or appropriate discipline, up to and including termination.

c.   REQUIREMENTS FOR WRITTEN REPORTS

i.   Use of Force reports are to be completed on forms 5006 A, A-1, and A-2. No Unusual Incident package is needed unless the Use of Force is part of an Unusual Incident.

ii.   If an Unusual Incident Report is necessary as per Directive 5000R-A then the Use of Force reports should accompany these documents (Rainbow Package).

iii.   The report shall include:

A.   The date, time, and location of the Use of Force Incident.

B.   The date and time the Use of Force Report was completed.

C.   Whether the Use of Force was anticipated and whether a supervisor was notified prior to the use of force.

416R



| EFFECTIVE DATE<br>**11/20/15** | SUBJECT | | |
|---|---|---|---|
| CLASSIFICATION #<br>**5006R-D** | **USE OF FORCE** | |  |
| DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **21** OF **27** PAGES | |

## VI.  PROCEDURES (Cont.)

D.  To the extent applicable, the name of any Staff Member who authorized and/or supervised the Use of Force Incident.

E.  A list of all persons, including Inmates and Non-DOC Staff Members, who participated in, witnessed, or whom the writer observed present at the incident and their actions.  A participant shall complete Part A of the Use of Force Report. A witness shall complete Part A-1 of the Use of Force Report – WITNESS REPORT.  Staff who were made the subject of a Use of Force Allegation or who were present at the scene and/or assigned to an area where force was alleged to have occurred shall complete Part A-2 of the Use of Force Report - USE OF FORCE ALLEGATION REPORT.

F.  A list of all persons on whom force was used.

G.  A detailed description of the Use of Force Incident, the events preceding the Use of Force Incident including any attempts to de-escalate the situation and avoid the Use of Force, and the reasons for engaging in the Use of Force.  Specifically, Staff Members should describe the Inmate's demeanor and the manner of resistance presented by the Inmate throughout the event.  All reports must include a detailed description of the physical resistance exhibited by the Inmate; the type and level of force used by the Staff Member writing the report and by all other Staff who used force; whether any Staff used instruments or weapons, and if so, a description of the circumstances that led to their use; and a description of the nature and extent of any visible or apparent injuries sustained by Inmates, Staff, or others.

H.  The approximate time the Inmate was transported to receive medical care and the name of the clinician or medical professional who provided care, to the extent known (for reports prepared by Captains/Staff Members responsible for escorting the Inmate to the clinic).

d.  Inmate Statements:

i.  Inmates involved in actual or alleged Use of Force Incidents must be immediately separated from witnesses and each other and

416R



| | EFFECTIVE DATE **11/20/15** | SUBJECT | | |
|---|---|---|---|---|
| | CLASSIFICATION # **5006R-D** | **USE OF FORCE** | |  |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **22** OF **27** PAGES | |

## VI.   PROCEDURES (Cont.)

should not be returned to the same housing area or location of the incident until a canvass for witnesses is conducted and completed.

ii.   Reasonable efforts should be made to obtain each involved Inmate's account of a Use of Force Incident, including from Inmate participants and Inmate witnesses, by a Supervisor designated by the Tour Commander (the Supervisor must not have been involved in, witness to, or present at the incident).  After an Inmate has been taken for medical assessment and treatment following a Use of Force Incident, a Tour Commander or Assistant Deputy Warden shall give the Inmate an opportunity to provide an audio recorded statement describing the events that transpired, which shall be reviewed as part of the investigation of the incident.   The Department shall not discredit Inmates' accounts without specifying a basis for doing so.

iii.   When requesting an Inmate's statement or interview, the Department shall assure the Inmate that the Inmate will not be subject to any form of retaliation for providing information in connection with the investigation.  Requests for statements or interviews shall be made off the living unit and shall not be made within sight or hearing of other Inmates or Staff involved in the Use of Force Incident.  Inmate interviews shall be conducted in a private and confidential setting.

iv.   All efforts to obtain Inmate statements shall be documented in the investigation file, and refusals to provide such statements shall be documented as well.

6.   SUPERVISORY OBLIGATIONS FOR REPORTING THE USE OF FORCE

a.   Supervisor and Tour Commander Response to Use of Force Notification

i.   Upon receiving notice of a Use of Force or an allegation of a Use of Force, the supervisory officer shall notify the Tour Commander and report all facts concerning the incident, including if there was a splashing incident in conjunction with the reportable incident, which are known at that time.

ii.   The Tour Commander shall report the pertinent information regarding all Uses of Force and allegations of Uses of Force to COD within two (2) hours of the occurrence, where possible.

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT | **USE OF FORCE** |  |
|---|---|---|---|
| CLASSIFICATION # **5006R-D** | | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **23** OF **27** PAGES | |

## VI.  PROCEDURES (Cont.)

iii.  When notifying COD, the Tour Commander shall make an initial determination as to whether the Use of Force was a Class A, B, C, or P incident based on the criteria in the Definition section of this policy.

iv.  When a Use of Force is alleged to have occurred at another command, the facility where the incident is alleged to have occurred is responsible for the investigation and processing of the allegation of the use of force.

A.  The Tour Commander of the command receiving the initial report of an allegation shall:

1.  Report the allegations and medical findings to COD, informing them that the incident is alleged to have occurred at a command other than the reporting facility; and

2.  Notify the command where the incident is alleged to have occurred, forward all available documentation (including medical findings), and record all information relative to the allegation, including the Use of Force number issued the incident (the Use of Force number shall be issued by COD), in the Non-Reportable Incident Logbook.

B.  The Tour Commander of the facility where the incident is alleged to have taken place shall ensure that the incident is reported in the Use of Force Logbook at the facility conducting the investigation. Upon conclusion of the investigation, a copy of the completed package must be forwarded to the facility that initially reported the allegation to COD for their files.

7.  COD PROCEDURES

a.  COD shall operate a Use of Force Desk on all tours which shall accept and log all Use of Force reports described herein.

b.  Each Use of Force and allegation thereof shall be given a Use of Force log number.

c.  While the reporting Tour Commander shall initially determine whether to report the incident or alleged incident as a Class A, B, C, or P Use of

416R



| EFFECTIVE DATE **11/20/15** | SUBJECT | **USE OF FORCE** |  |
|---|---|---|---|
| CLASSIFICATION # **5006R-D** | | | |
| DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **24** OF **27** PAGES | |

## VI.   PROCEDURES (Cont.)

Force, the ultimate decision concerning the reporting category rests with the official at COD receiving the report.

d.   All use of force incidents must be classified as either an A, B, or C, within 5 days of occurrence.

    i.   If a use of force incident that is being investigated by a facility investigator remains unclassified after five (5) days of the Use of Force Incident the facility Warden shall submit a written explanation to the appropriate Division Chief indicating why the use of force incident has not been classified.  The Deputy Warden of Security shall require that the incident is reevaluated for classification every seven (7) days until classification occurs.

    ii.   If a use of force incident that is being investigated by ID remains unclassified after five (5) days of the Use of Force Incident a supervisor in ID shall submit a written explanation to the Deputy Commissioner of ID as to why the use of force incident has not been classified.   A supervisor in ID shall require that the incident is reevaluated for classification every seven (7) days until classification occurs.

e.   The facility's and COD's initial determination shall be amended promptly upon notification, as additional information becomes available and, as the first report is supplemented.

f.   To maintain continuity, all Use of Force Reports and Injury to Inmate Reports (Form 167R-A) shall be inscribed with the Use of Force number.

g.   COD shall notify ID of all Uses of Force and allegations of the Use of Force within sixty (60) minutes of the time they are reported to COD.

h.   COD shall notify ID of any supplemental information which might change the initial categorization of the incident as such information is received from the facility or source outside the facility.

i.   COD shall continue to make all other notifications as outlined in Directive 5000R-A.

8.   NOTIFICATION OF SPLASHING

416R



| EFFECTIVE DATE<br>**11/20/15** | SUBJECT | | |
|---|---|---|---|
| CLASSIFICATION #<br>**5006R-D** | **USE OF FORCE**  | |  |
| DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **25** OF **27** PAGES | |

## VI.   PROCEDURES (Cont.)

If the Use of Force report includes notification regarding a splashing incident, the assigned Assistant Deputy Warden fielding the notification at COD shall ensure that the person(s) making the notification is advised that the following information and the collection of these materials must be provided to the Correction Intelligence Bureau in order to re-arrest the subject Inmate:

a.   Staff reports detailing the splashing event must be collected promptly;

b.   Medical treatment forms/exposure documents are collected promptly;

c.   An infraction for the charge of 101.10, "Assault on Staff," is prepared promptly for the subject Inmate;

d.   Each infraction disposition is collected promptly upon completion; and

e.   Evidence is collected and preserved in accordance with established chain of custody protocol including soiled articles of clothing (uniform items, etc.) being placed in the appropriate bags and marked accordingly.

Note:   Each of the aforementioned materials must be provided by the facility to the Corrections Intelligence Bureau for the purposes of re-arrest of the subject Inmate.

9.   FACILITY COLLECTION OF REPORTS FOR PRELIMINARY REVIEW

The on-duty Tour Commander shall ensure all required reports and documents pertinent to conducting a full and comprehensive investigation is secured and readily available for review by the facility assigned ICO within 24 hours of incident (not including any reports and/or dispositions delayed as a result of providing Staff and/or Inmate(s) with immediate medical attention).

10.   VIDEO RECORDS OF USE OF FORCE INCIDENTS

a.   Immediately after a Use of Force/Anticipated Use of Force incident is recorded, the Tour Commander shall take possession of all handheld digital video recording equipment, upload the footage for that UOF incident to the facility's digital folder on the Department's network in accordance with Operations Order 06/15, "Recording Equipment, Medium and Electronic Evidence." The Tour Commander or supervisor designated by the Commanding Officer must review all such handheld digital video recordings as soon as practical.

416R

| | EFFECTIVE DATE **11/20/15** | SUBJECT | | | |
|---|---|---|---|---|---|
| | CLASSIFICATION # **5006R-D** | **USE OF FORCE** | | |  |
| | DISTRIBUTION **A** | APPROVED FOR WEB POSTING ☐ YES ☒ NO | PAGE **26** OF **27** PAGES | | |

## VI.  PROCEDURES (Cont.)

b.  All video, including video from stationary, handheld, and body-worn cameras, shall be preserved for no less than ninety (90) days. When the Department is notified of a Use of Force incident or incident involving inmate-on-inmate violence within ninety (90) days of the date of the incident, the Department shall preserve any video capturing the incident until the later of (i) four (4) years, or (ii) six (6) months following the conclusion of an investigation into the Use of Force Incident, or any disciplinary, civil, or criminal proceedings related to the Use of Force Incident, provided the Department was on notice of any of the foregoing prior to four (4) years after the incident.

## VII.  REFERENCES

A.  Directive 4202R, "Placement of Mechanical Security Restraints on Out Posted Inmate Patients," dated 11/30/99 (as amended).

B.  Directive 4510R-G, "Chemical Agents," dated 2/24/15.

C.  Directive 4518R-B, "Red ID Status and Enhanced Restraint Status Due Process," 3/11/13.

D.  Directive 4600, "Electronic Immobilization Shield," dated 7/9/98 (as amended).

E.  Directive 5000R-A, "Reporting Unusual Incidents," dated 11/19/04 (as amended).

F.  Operations Order 16/99, "Deploying Escort and Extraction Teams," dated 10/26/99.

G.  Operations Order 05/07, "Crime Scene Incident Management," dated 5/8/07.

H.  Operations Order 06/15 "Recording Equipment, Medium and Electronic Evidence," dated 4/22/15.

I.  Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015).

J.  Graham v. Connor, 490 U.S. 386 (1989).

K.  Tennessee v. Garner, 471 U.S. 1 (1985).

L.  New York State Criminal Procedure Law § 2.20.

M.  New York State Penal Law Article 35 Part 1 Title C.



416R

| | EFFECTIVE DATE<br>**11/20/15** | SUBJECT | | |
| --- | --- | --- | --- | --- |
| | CLASSIFICATION #<br>**5006R-D** | **USE OF FORCE** | | |
| | DISTRIBUTION<br>**A** | APPROVED FOR WEB POSTING<br>☐ YES  ☒ NO | PAGE **27** OF **27** PAGES | |

## VIII.  ATTACHMENTS

A.    Form 5006-A, Part A, "Use of Force Report," dated 1/31/08.

B.    Form 5006-A-1, Part A-1, "Use of Force Witness Report," dated 1/31/08.

C.    Form 5006-A-2, Part A-2, "Use of Force Allegation Report," dated 1/31/08.

D.    Form 5006-B, Part B, "Investigating Supervisor's Report," dated 1/31/08.

E.    Form 5006 C&D, Part C and Part D, "Tour Commander's Report and Facility Commander's Report," dated 1/31/08.

F.    Form 5006-E, UOF Package Accountability Sheet, dated 1/31/08.

## IX.  SUPERSEDES

A.    Directive 5006R-C, "Use of Force," dated 1/31/08 (as amended).

B.    Any other Directive, Operations Order, Teletype, Memorandum, etc. that may be in conflict.

## X.  SPECIAL INSTRUCTIONS

Commanding Officers of Facilities and Divisions shall ensure that the provisions of this Operations Order are strictly complied with.

| CITY OF NEW YORK - CORRECTION DEPARTMENT | FORM #5006-A | Eff. : 01/31/2008 |
|---|---|---|
| **USE OF FORCE REPORT** | | PART A |

**INSTRUCTIONS:**  PRINT ALL INFORMATION
To be completed by any member involved in a use of force incident.
Use attachments if additional space is needed and indicate Part and
Information Section # on each attached page.

**DID YOU USE FORCE AGAINST AN INMATE OR WERE YOU A WITNESS/PRESENT AT THE SCENE?**

☐ USED FORCE      ☐ WITNESS/PRESENT AT THE SCENE

If WITNESS or only PRESENT, then complete PART A-1, NOT this report.

| Facility: | Report Date: | Incident Date: | Incident Time: | Facility Incident #: | COD Use of Force # | COD Unusual # if any: |
|---|---|---|---|---|---|---|

| Location Where Incident Occurred: | Post Assigned at Time of Incident: | Tour: |
|---|---|---|

**1**  Was Supervisor notified before force was used?  ☐ YES  ☐ NO    If YES, write in full NAME, RANK and SHIELD #:

**2**  Which Supervisor was notified after the incident?  Write in full NAME, RANK and SHIELD #:  | Time Notified:

**3**  State name(s) of inmate(s) against whom force was used:

| | Last Name | First Name | B&C or Sent. Number | Infraction Written? |
|---|---|---|---|---|
| 1 | | | | ☐ YES  ☐ NO |
| 2 | | | | ☐ YES  ☐ NO |

**4**  Explain in detail the sequence of events leading up to the incident, based on your own observations:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**5**  Were alternatives, such as verbal commands, attempted before force was used?  ☐ YES  ☐ NO    If YES, describe:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**6**  Describe the incident and the specific force used:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Continued on Reverse Side

**6** (Continued)

**7** Explain in detail why force was necessary to control the situation:

**8** Identify the part(s) of the inmate's body(ies) to which force was applied:

**9** Were any other staff involved in or present at the time of the incident? ☐ YES ☐ NO
If YES, complete the identification information and give an account of each person's actions immediately before and during the incident:

| Name | Rank | Shield Number | Account of Actions |
|------|------|---------------|--------------------|
| 1 | | | |

| Name | Rank | Shield Number | Account of Actions |
|------|------|---------------|--------------------|
| 2 | | | |

| Name | Rank | Shield Number | Account of Actions |
|------|------|---------------|--------------------|
| 3 | | | |

**10** Did any other inmates witness the incident? ☐ YES ☐ NO   If YES, specify:

| Last Name | First Name | Book and Case or Sentence Number |
|-----------|-----------|----------------------------------|
| | | |

**11** Did you claim any injuries as a result of the incident? ☐ YES ☐ NO   If YES, describe your injuries and how each was sustained:

Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #)                    Signature:

| CITY OF NEW YORK - CORRECTION DEPARTMENT | FORM #5006-A-1 | Eff. : 01/31/2008 |
|---|---|---|
| **USE OF FORCE WITNESS REPORT** | | PART A-1 |

| INSTRUCTIONS:      PRINT ALL INFORMATION<br>To be completed by any member witnessing a use of force incident<br>or present at the scene of a use of force.  Use attachments if<br>additional space is needed and indicate Part and Information<br>Section # on each attached page. | DID YOU USE FORCE AGAINST AN INMATE OR WERE YOU A WITNESS/PRESENT AT THE SCENE?<br>☐ USED FORCE      ☐ WITNESS/PRESENT AT THE SCENE<br>If you used force, complete PART A, NOT this report. |
|---|---|

| Facility: | Report Date: | Incident Date: | Incident Time: | Facility Incident #: | COD Use of Force #: | COD Unusual # if any: |
|---|---|---|---|---|---|---|

| Location Where Incident Occurred: | Post Assigned at Time of Incident: | Tour: |
|---|---|---|

**1**  Did any other inmates witness the incident?   ☐ YES  ☐ NO   If YES, list #:

| | Last Name | First Name | Book and Case or Sentence Number |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |

**2**  Did you see force used against an inmate(s)?   ☐ YES  ☐ NO   If YES, state name(s) of inmate(s) against whom force was used:

| | Last Name | First Name | Book and Case or Sentence Number |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |

**3**  State the name(s) of any other staff involved in or present at the time of the incident:

| | Last Name | First Name | Rank | Shield Number | |
|---|---|---|---|---|---|
| 1 | | | | | ☐ Used Force<br>☐ Was a Witness / Present |
| 2 | | | | | ☐ Used Force<br>☐ Was a Witness / Present |
| 3 | | | | | ☐ Used Force<br>☐ Was a Witness / Present |

**4**  If you were present before the incident began, explain in detail the sequence of events leading up to the incident:

**5**  Did you hear or see alternatives, such as verbal commands, attempted before force was used?   ☐ YES  ☐ NO   If YES, describe:

**6**  Describe the incident and the specific force used (including the actions of any staff involved in or present during the incident, including yourself):

Continued on Reverse Side

**6** (Continued)

**7** Identify the part(s) of the inmate's body/bodies to which force was applied:

Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #)                              Signature:

| CITY OF NEW YORK - CORRECTION DEPARTMENT | FORM: #5006-A-2 | Eff. : 01/31/2008 |
|---|---|---|
| **USE OF FORCE ALLEGATION REPORT** | | **PART A-2** |

**INSTRUCTIONS:**     ALL SECTIONS MUST BE ANSWERED                    PRINT ALL INFORMATION

To be completed by any member who was:

1. Made the subject of a use of force allegation; or

2. Present at the scene and/or assigned to an area where force was alleged to have occurred.

| 1 | Submitted By (Last Name, First Name): | | Rank: | Shield #: | Command: |
|---|---|---|---|---|---|

| 2 | Facility: | Report Date: | Date of Alleged Incident: (If Known) | Time of Alleged Incident: (If Known) hrs | Use of Force #: |
|---|---|---|---|---|---|

| 3 | Date you were notified of the allegation: | Time you were notified of the allegation: hrs | By Whom? (Last Name, First Name): | Rank/Title: | Shield/ID #: |
|---|---|---|---|---|---|

| 4 | Location where incident allegedly occurred: | Post assigned at time of alleged incident: | Tour assigned at time of alleged incident: |
|---|---|---|---|

**5** Name(s) of Inmate(s) alleging force:

| Last Name | First Name | Book & Case Number | NYSID # |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**6** Were there any staff present or near you at the time of the alleged incident?  ☐ YES  ☐ NO   If YES, identify below:

| Last Name | First Name | Rank | Shield Number |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**7** On the date of the alleged incident, did you have any interaction with the inmate(s) who made the allegation?

☐ YES  ☐ NO   If YES, identify below:

**8** Describe your interaction with the inmate on the date of the alleged incident.  If you had no interaction with the inmate, describe your activity at the time of the alleged incident):

Continued on Reverse Side

8 (Continued)

9 Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #)          Signature:

| CITY OF NEW YORK - CORRECTION DEPARTMENT | FORM: #5006-B | Eff. : 01/31/2008 |
|---|---|---|
| **INVESTIGATING SUPERVISOR'S REPORT** | | **PART B** |

**INSTRUCTIONS:** To be completed by the supervisor investigating the incident. Use attachments if additional space is needed and indicate Part and Information Section number on each additional page. **PRINT ALL INFORMATION**

| Facility: | Report Date: | Incident Date: | Facility Incident #: | COD Use of Force #: | COD Unusual # If Any: |
|---|---|---|---|---|---|
| | | | | | |

**1** List the Inmates you Interviewed and summarize their statements:

| Last Name | First Name | Book & Case/ Sentence Number | NYSID # | Housing Area | Summary |
|---|---|---|---|---|---|
| | | | | | |

| Last Name | First Name | Book & Case/ Sentence Number | NYSID # | Housing Area | Summary |
|---|---|---|---|---|---|
| | | | | | |

| Last Name | First Name | Book & Case/ Sentence Number | NYSID # | Housing Area | Summary |
|---|---|---|---|---|---|
| | | | | | |

**2** Were there any other inmate witnesses who were NOT Interviewed : ☐ YES ☐ NO   If YES, explain:

**3** List staff and other witnesses/participants other than the inmates who you interviewed and summarize their statements:

| Last Name | First Name | RANK | SHIELD # | Summary |
|---|---|---|---|---|
| | | | | |

| Last Name | First Name | RANK | SHIELD # | Summary |
|---|---|---|---|---|
| | | | | |

| Last Name | First Name | RANK | SHIELD # | Summary |
|---|---|---|---|---|
| | | | | |

**4** FINDINGS OF INVESTIGATION. State your conclusion as to the facts of the incident. State your conclusion as to the force used, including your review of medical data. State any alternatives which were used prior to the use of force. State your conclusion as to alternatives which should have been used, if any. State your findings as to the reason force was used. State and resolve, if possible, factual disputes between different versions of the incident given by different witnesses or participants:

Continued on Reverse Side

**4** (Continued)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**5** Do you find that the force used was necessary? ☐ YES ☐ NO   If YES, Force was: ☐ Appropriate ☐ Excessive
Explain your findings

**6** Do you find that the force was avoidable? ☐ YES ☐ NO   Explain your reason:

**7** If applicable, recommendations: (Check One or More)   Explain:
☐ Commendation
☐ Discipline (i.e., M.O.C.)

**8** Based on this incident, do you recommend any changes in Departmental policy and/or procedures? ☐ YES ☐ NO   If Yes, explain:

**9** Are injury to inmate reports attached? ☐ YES ☐ NO   If No, state the reason:

**10** If staff/visitor claim injury, are medical reports attached? ☐ YES ☐ NO

Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #)   Signature:

| CITY OF NEW YORK - CORRECTION DEPARTMENT | FORM #5006-C&D | Eff. : 01/31/2008 |
|---|---|---|
| **TOUR COMMANDER'S REPORT** | | **PART C** |

| Facility: | Date of this Report: | Incident Date: | Facility Incident #: | COD Use of Force #: | COD Unusual # if any: |
|---|---|---|---|---|---|

INSTRUCTIONS: This review shall be based on a full review of all underlying documentation in addition to the investigator's report. PRINT ALL INFORMATION

**1** Was force necessary?: ☐ YES ☐ NO   If YES, force was: ☐ APPROPRIATE ☐ EXCESSIVE

**2** Conclusion based on review:

**3** Recommendation, if any:

Submitted by: (Print LAST NAME, FIRST NAME, RANK and SHIELD #)

Signature:

| **FACILITY COMMANDER'S REPORT** | **PART D** |
|---|---|

INSTRUCTIONS: This review shall be based on a full review of all underlying documentation in addition to the investigator's report.

Conclusion and recommendation:

Signature of Commanding Officer:

Date:

## UOF PACKAGE ACCOUNTABILITY SHEET

Effective: 07/01/15
Form: #5006-E

To be completed by the Captain assigned to collect pertinent documentation for the facilities UOF incidents.

The following items are <u>mandatory</u> in all UOF incidents: (Check Yes or No)

| ITEM | INCLUDED | |
|---|---|---|
| | YES | NO |
| Warden's Cover Letter | ☐ | ☐ |
| Tour Commander's Report | ☐ | ☐ |
| Inmate Infraction History | ☐ | ☐ |
| Preliminary Report | ☐ | ☐ |
| Voluntary Inmate Statements | ☐ | ☐ |
| Copy of Investigated Infractions | ☐ | ☐ |
| Copy of Served Infractions | ☐ | ☐ |
| Four (4) Labeled Color Digital Photos (minimum four (4) photos per inmate) | ☐ | ☐ |
| Copy of Investigated Injury to Inmate Report(s), including completed homunculus | ☐ | ☐ |
| Copy of Accompany Cards | ☐ | ☐ |
| Copy of Pedigree (Form #239) | ☐ | ☐ |
| Place UOF # on Every Single Page in Package (upper right corner of each page) | ☐ | ☐ |

The following <u>may</u> be applicable:

| ITEM | INCLUDED | | |
|---|---|---|---|
| | YES | NO | N/A |
| Random Search Reports | ☐ | ☐ | ☐ |
| Mental Health Referrals | ☐ | ☐ | ☐ |
| Photos of Injured Staff (Labeled) | ☐ | ☐ | ☐ |
| Probe Team Reports | ☐ | ☐ | ☐ |
| Copy of Log Books | ☐ | ☐ | ☐ |
| Statement of Decontamination for Chemical Agent Use | ☐ | ☐ | ☐ |
| Copy of Significant Event | ☐ | ☐ | ☐ |
| Due Process | ☐ | ☐ | ☐ |
| Miranda Warning | ☐ | ☐ | ☐ |
| Compensation Papers | ☐ | ☐ | ☐ |
| Separation Orders | ☐ | ☐ | ☐ |
| Has a Workplace Violence Incident Report been generated? | ☐ | ☐ | ☐ |
| Misc | ☐ | ☐ | ☐ |

List Each Staff Member Submitting a UOF, Witness UOF, Verbal UOF Statement, or Incident Report:

| Staff Full Name | Shield | Type of Report | Staff Full Name | Shield | Type of Report |
|---|---|---|---|---|---|
| 1. | | | 1. | | |
| 2. | | | 2. | | |
| 3. | | | 3. | | |
| 4. | | | 4. | | |
| 5. | | | 5. | | |
| 6. | | | 6. | | |
| 7. | | | 7. | | |
| 8. | | | 8. | | |
| 9. | | | 9. | | |
| 10. | | | 10. | | |

_____
Tour Commander's Signature