

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALAN M. SCHLESINGER
Senior Counsel
(212) 356-2628
Fax No.: (212) 788-0940
aschlesi@law.nyc.gov
(E-Mail and Fax No. **Not** For Service Of Papers)

May 10, 2017

**BY ECF**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Honorable Loretta T. Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:  Correction Officers' Benevolent Ass'n v. City Of New York, et al.,
          17 Civ. 2899 (GHW)(GWG)
          Our No. 2017-018199

Dear Judges Woods and Swain:

        I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced action. Defendants write in accordance with Local Rule 1.6(a) of the Local Civil Rules of the Southern and Eastern Districts of New York, and Local Rule 13 of the Rules for the Division of Business Among District Judges of the Southern District of New York, to bring to the attention of the Court that this case, which is assigned to Judge Woods, is related to Nunez v. City of New York, 11 Civ. 5845 (LTS)(JCF), which is assigned to Judge Swain. Defendants believe that this case should be heard by Judge Swain in order to avoid unnecessary duplication of judicial effort, to avoid inconsistent injunctions by this Court, and in the interests of justice and efficiency. Much of the complaint in this case is a collateral attack on various parts of the consent judgment in Nunez, which was signed by Judge Swain.

        Defendants in this case are the City of New York ("City"), the City's Department of Correction ("DOC"), the City's Mayor, and the City's Commissioner of DOC, the latter two in their official capacities. A suit against a City official in that person's official capacity is the same as a suit against the City itself. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985). Thus, defendants here are identical to the Nunez defendants. Plaintiffs in this putative class action are the union representing DOC's Correction Officers ("COs") and four COs who have been injured by inmates while at work.

        In brief summary, the complaint alleges that changes in use of force directives, punitive segregation, pre-disciplinary hearing detention for inmates, and the treatment of the

HONORABLE GREGORY H. WOODS
HONORABLE LORETTA T. SWAIN
United States District Judges
COBA v. City Of New York, et al. ,
17 Civ. 2899 (GHW)(GWG)
May 10, 2017
Page 2

mentally ill have increased risks of inmate violence against COs resulting in increased injuries to them.  The complaint alleges that this violates the Fourteenth Amendment to the United State Constitution and 42 U.S.C. § 1983.

The vast majority of issues raised by the complaint are addressed in the Nunez consent judgment.  Indeed, the complaint states that much of the new use of force regulation, Directive 5006R-D, is taken verbatim from the Nunez decree.  Complaint, ¶ 75.  The Complaint alleges that Directive 5006R-D is impractical and causes injuries to COs.  Id. ¶ 80.  The Complaint states that "[p]**laintiffs do not challenge the ability of Defendants to enter into the Consent Judgment except to the extent that doing so violates their rights.** The sweeping changes imposed by the Consent Judgment and new Directive 5006R-D with respect to Uses of Force have increased the danger in the workplace faced by Correction Officers …"  Complaint, ¶ 79 (emphasis in original).  It is readily apparent that the instant complaint challenges the core of the Nunez, consent judgment and contends that it creates conditions increasing the risk of violence against COs.  The complaint argues that at least to that extent it imposes unconstitutional conditions on COs.

The use of force in DOC facilities is extensively covered in the consent judgment.  See, e.g., Nunez, § III(31)(defining use of force); and IV (Use of Force Policy).  Nunez, § IV(3) is detailed as to those matters which must be included in the use of force policy, a list that has about 20 subparts, many of which have sub-subparts, spanning 5 pages.  For example, Nunez, § IV(3) prohibits the use of force in retaliation for verbal insults, threats or swearing, or to punish.  According to the complaint this increased the risk of violence toward COs.  Complaint, ¶ 82.  Force is to be restricted to the minimum amount necessary and must be proportional to the threat.  Id. § IV(3)(a).  Reporting procedures for the use of force go on for another 5 pages.  Nunez, § V.  Use of force investigations are also covered in depth, in another 10 pages of the consent judgment.  Nunez, § VII.  The Nunez order also provides for specific training of COs concerning use of force, crisis intervention, conflict resolution, and de-escalation of incidents especially involving younger inmates.  Nunez, §§ XIII and XV.  The complaint concludes that "[i]n sum, Defendants' new policies, practices and customs arising out of the Consent Judgment and Directive 5006R-D have created and increased danger faced by Correction Officers …."  Complaint ¶ 82.

The consent judgment prohibits the use of punitive segregation for inmates under 19 years of age.  Nunez, § XVI(1) and (2).  The complaint in the instant case alleges that the limitations placed on the use of punitive segregation by the Nunez consent judgment causes violence by inmates on COs.  The complaint alleges that these limitations mean that inmates can use violence against staff "with impunity."  Complaint, ¶ 51.

The complaint seeks declaratory and injunctive relief as well as money damages.  Therefore, defendants are at risk of inconsistent declarations and injunctive orders.

**HONORABLE GREGORY H. WOODS**
**HONORABLE LORETTA T. SWAIN**
United States District Judges
<u>COBA v. City Of New York, et al.</u> ,
17 Civ. 2899 (GHW)(GWG)
May 10, 2017
Page 3

      Local Rule 13(a)(1)(A) through (D) sets forth four factors to be considered in deciding whether one case is related to another.  Defendants have shown that all four factors require a finding that this case is related to <u>Nunez</u>.

      Thank you for your consideration of this matter.

      Respectfully submitted,

      /s/ *Alan Maer Schlesinger*

      Alan M. Schlesinger
      Assistant Corporation Counsel

cc:    Koehler & Isaacs, LLP
       Attorneys for Plaintiff
       61 Broadway
       New York, NY 10006
       Att: Cynthia Devasia
       (By ECF)