# KOEHLER & ISAACS LLP

RICHARD J. KOEHLER
STEVEN ISAACS
———
MICHAEL R. BERTSCHI
LIAM L. CASTRO
RENA C. DAWSON
CYNTHIA DEVASIA
GABRIEL GREENBERG
JOEY JACKSON
DAWN K. KELLY
DAVID KIRSCH
MERCEDES M. MALDONADO
JULIE ORTIZ
FELICIA PINTO
ANDREW ROWE
JULIE PEARLMAN SCHATZ
ANN SCHNEIDER
ELYSE SILVERMAN
PETER C. TROXLER
GREG WATFORD
HOWARD G. WIEN

ATTORNEYS AT LAW
61 BROADWAY, 25TH FLOOR
NEW YORK, NY 10006
Tel: (917) 551-1300   Fax: (917) 551-0030
www.koehler-isaacs.com

OF COUNSEL
RAYMOND J. AAB
JESSICA SALLES
BARRY WASHOR

WRITER'S DIRECT DIAL
(917) 551-1352

May 11, 2017

**VIA ECF**

Honorable Gregory H. WoodsHonorable Laura T. Swain
United States District JudgeUnited States District Judge
Southern District of New YorkSouthern District of New York
500 Pearl Street500 Pearl Street
New York, New York 10007-1312New York, New York 10007-1312

Re:  *Correction Officers' Benevolent Association et al vs City of New York, et al.*
17 v. 2899 (GHW)

Dear Judges Woods and Swain:

We are general counsel to the Correction Officers' Benevolent Association and write on behalf of all Plaintiffs in the above referenced matter in response to Defendant City of New York's ("City") May 10, 2017, letter. For the reasons set forth below, we respectfully request additional time to evaluate the City's request and respond.

In its missive, the City mischaracterizes this case, which is assigned to Judge Woods, as being limited to a "collateral attack" on the judgment in Nunez v. City of New York et. al., 11 cv 5845 (LTS)(JCF), a case assigned to Judge Swain and is now marked closed on the Docket. On this basis, the City further requests this case be heard by Judge Swain. As a preliminary matter, this case does not seek to overturn Nunez, rather it seeks to remedy the dangerous workplace that has been created as a result of several policy changes made by the Defendants that also go beyond those dictated by Nunez.

Additionally, because the City did not consult with Plaintiffs prior to making its request, as required under both Judges' rules, we were not given an opportunity to evaluate the merits of its contentions

and determine whether under the Local Rules, or even for reasons of judicial efficiency, this is a request that should or should not be opposed.

The Local Civil Rules advocate a balanced approach to determining case relatedness. U.S. Dist. Ct. Rules S.D.N.Y., Civil Rule 13. The Rules state cases are presumptively deemed unrelated and, essentially, should not be considered related merely because some aspects may be similar. Id. at Rule 13(a)(2). Accordingly, we respectfully request the Court grant us until **Wednesday, May 17, 2017**, to properly and thoroughly review the City's request, and file a response.

Per both Judges' rules we attempted to secure Mr. Schlesinger's consent to this request, but we were not able to connect with him in time. Since Judge Swain's chambers reached out to Mr. Schlesinger regarding our position on this matter earlier today, we believe it to be prudent to file this request as soon as possible.

Respectfully submitted,
Koehler & Isaacs, LLP

By:   /s/ *Cynthia Devasia*

    Cynthia Devasia, Esq.

cc: Alan Schlesinger, Esq. *Counsel for Defendants (via ECF)*

**KOEHLER & ISAACS LLP**
