

<table>
<tr><td>ZACHARY W. CARTER<br><i>Corporation Counsel</i></td><td align="center">THE CITY OF NEW YORK<br><br><b>LAW DEPARTMENT</b><br>100 CHURCH STREET<br>NEW YORK, NY 10007</td><td align="right">ALAN M. SCHLESINGER<br>Senior Counsel<br>(212) 356-2628<br>Fax No.: (212) 788-0940<br>aschlesi@law.nyc.gov<br>(E-Mail and Fax No. <b>Not</b> For Service Of Papers)</td></tr>
</table>

May 15, 2017

**BY ECF**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   Correction Officers' Benevolent Ass'n v. City Of New York, et al. ,
            17 Civ. 2899 (GHW)(GWG)
            Our No. 2017-018199

Dear Judge Woods:

        I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced action. Defendants write in accordance with the Court's Individual Rules 2(C) to request a pre-motion conference concerning defendants' proposed motion to dismiss the complaint. Plaintiffs do not consent to this request. Defendants note that a conference with the Court has been scheduled for June 21, 2017, at 2 p.m. Order, April 27, 2017, Dkt No. 17. In addition, I will be out of State on vacation until Monday, May 22, 2017.

        Plaintiffs are the union representing Correction Officers ("COBA") and four employees of the City of New York ("City") serving in the title of Correction Officer ("CO") in the City's Department of Correction ("DOC"). The Complaint is brought under 42 U.S.C. § 1983 and the Fourteenth Amendment's Due Process Clause alleging that various aspects of DOC's operations resulted in increased danger to COs and that this violates substantive due process. In particular, plaintiffs contend that a new use of force directive, Directive 5006R-D, is being implemented in advance of its promulgation and is increasing risks to COs. The Complaint also alleges: insufficient training (¶¶ 85-104); insufficient use of punitive segregation (¶¶ 24, 28, 31, 32, and 47-52, 63); programs alternative to punitive segregation (¶¶ 31-32, 40, and 41); the use of West Facility on Rikers Island for assaultive inmates and the management of that facility (¶¶106-17); insufficient use of pre-hearing detention (¶¶ 66-74); DOC's gang policies and housing of gang members (¶¶ 119-25; 129-30); equipment provided and withheld as well as the limitations on the use of equipment (¶¶ 131-41); the alleged underreporting of violence in DOC facilities including the categorization of spitting by inmates as a "Log Book

HONORABLE GREGORY H. WOODS
United States District Judge
Correction Officers' Benevolent Ass'n v. City Of New York, et al.,
17 Civ. 2899 (GHW)(GWG)
May 15, 2017
Page 2

Entry" level of discipline (¶¶142-48).  Defendants propose to move to dismiss this case because the Due Process Clause does not provide a cause of action to government employees concerning the terms and conditions of employment.  Nor can the Substantive Due Process theory be used by employees unhappy with the operation of the agency in which they serve to replace democratically elected local government.

### A.     Other Cases Pending

In Nunez v. City of New York, 11 Civ. 5845 (LTS)(JCF), the parties, including the City and DOC, entered into a consent judgment concerning conditions of confinement in the DOC system.  That consent judgment required a new use of force directive, training, and limitations on the use of punitive segregation.  The Nunez, consent judgment overlaps substantially with the instant case.  COBA has also brought multiple improper labor practice proceedings before the Board of Collective Bargaining of the City of New York ("BCB") covering many of the same issues raised in the instant action.  See, e.g., COBA v. City Of New York, et al., BCB 4141-15, 4142-15, 4136-15, and 4137-15.  COBA contends in those petitions that the DOC violated the New York City Collective Bargaining Law §§ 12-301, et seq. by making unilateral changes to terms and conditions of employment and that if these changes were a managerial prerogative then the changes have a safety impact which must be negotiated.  The union unsuccessfully sought injunctive relief in those improper practice cases.

### B.     The Proposed Motion To Dismiss

The Constitution does not provide government employees with a cause of action for dangerous working conditions.  See McClary v. O'Hare, 786 F.2d 83 (2d Cir. 1986).  In McClary, the plaintiff was a government employee killed at work due to illegal actions.  Plaintiff brought suit under § 1983 and the Fourteenth Amendment alleging a violation of substantive due process.  The Second Circuit first noted that negligent action by the government is insufficient to state a § 1983 claim.  The Circuit then held that there is distinction of constitutional significance between persons in state custody, who have been deprived of their liberty by the state in the exercise of the government's police power, and a government employee.  While with respect to the former the government acts quintessentially as the government, in the latter case the government is an employer.  Substantive due process provides a remedy for alleged oppression caused by the government exercising its governmental authority towards a citizen.  It does not provide occupational safety rules for government employees.  Nor does it guarantee minimal levels of workplace safety and security for government employees.  See Collins v. City of Harker Heights, 503 U.S. 115 (1992).

McClary governs the instant case and requires dismissal of the instant Complaint. Critically in McClary, as in the instant case, the government was acting as an employer and the plaintiffs were complaining of the physical risks engendered by that employment.  In McClary, the risks had resulted in the death of an employee while here it has resulted in occasional

HONORABLE GREGORY H. WOODS
United States District Judge
Correction Officers' Benevolent Ass'n v. City Of New York, et al.,
17 Civ. 2899 (GHW)(GWG)
May 15, 2017
Page 3

significant physical injury.  In neither McClary, nor the instant case does the Constitution provide a remedy for the alleged risks.  This is an end to the Complaint and it must be dismissed.

Further, this result is not surprising.  Congress has seen fit to exclude State and Local government from the ambit of national labor relations laws.  See 29 U.S.C. § 152(2) (excluding State and Local governments from the definition of "employer" for purposes of the Federal labor laws).  The instant Complaint is a laundry list of labor grievances, which, as noted above, are being litigated in the labor relations arena.  Even in conditions of confinement cases where the government acts as the government, the Supreme Court has cautioned against the intrusion of the Federal Court into the operations of prisons.  See Lewis v. Casey, 518 U.S. 343, 351 (1996); Sandin v. Conner, 515 U.S. 472 (1995).  Yet, plaintiffs are seeking to use the Constitution's substantive due process provisions to do just that.

Nunez, concerns conditions of confinement of inmates.  In that context the government is exercising its governmental authority toward citizens and not toward employees.  Constitutional protection of inmates who have no choice but to be present in prison cannot be equated in the constitutional sense with employees.  Plaintiffs' theory of this case invites the Court to assume the functions of a combined occupational safety and labor relations board embroiling the Federal Court in every aspect of the operations of nearly every agency of government.  This invitation should be denied and the Complaint dismissed.

**C.     Stay of Discovery**

Although a motion to dismiss does not automatically stay discovery, a Court has "considerable discretion," to determine that "a pending motion to dismiss [] constitute[s] 'good cause' for a protective order staying discovery."  Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A., No. 15-CV-0293 (LTS) (JCF), 2016 U.S. Dist. LEXIS 91570, at *17 (S.D.N.Y. July 14, 2016).  Factors considered when determining whether or not "good cause is shown" include: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay."  Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 114 (E.D.N.Y. 2006) (citations omitted).

Accordingly, defendants request a pre-motion conference to consider their anticipated motion to dismiss and for a stay of discovery pending the motion.  Thank you for your consideration of this matter.

Respectfully submitted,

/s/ *Alan Maer Schlesinger*

Alan M. Schlesinger
Assistant Corporation Counsel

cc:     Koehler & Isaacs, LLP (By ECF)