# KOEHLER & ISAACS LLP

ATTORNEYS AT LAW
61 BROADWAY, 25TH FLOOR
NEW YORK, NY 10006
Tel: (917) 551-1300   Fax: (917) 551-0030
www.koehler-isaacs.com



RICHARD J. KOEHLER
STEVEN ISAACS
———
MICHAEL R. BERTSCHI
LIAM L. CASTRO
RENA C. DAWSON
CYNTHIA DEVASIA
GABRIEL GREENBERG
JOEY JACKSON
DAWN K. KELLY
DAVID KIRSCH
MERCEDES M. MALDONADO
JULIE ORTIZ
FELICIA PINTO
ANDREW ROWE
JULIE PEARLMAN SCHATZ
ANN SCHNEIDER
ELYSE SILVERMAN
PETER C. TROXLER
GREG WATFORD
HOWARD G. WIEN

OF COUNSEL
RAYMOND J. AAB
JESSICA SALLES
BARRY WASHOR

WRITER'S DIRECT DIAL
(917) 551-1352

May 1, 2018

**VIA ECF**

Honorable Laura Taylor Swain
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

                                      **Re: Correction Officers' Benevolent Association et. al. v.
City of New York, et al.  17 cv 2899 (LTS)(JCF)**

Dear Judge Swain:

Our office represents the Plaintiffs -- the Correction Officer Benevolent Association Inc. and individually named Correction Officers -- in the above action. This lawsuit was filed in April 2017 and since September 2017, a fully submitted Motion to Dismiss has been pending before Your Honor. In light of some recent developments, we write with urgency to respectfully request the Court decide the Motion to Dismiss. We understand the nature of this request may be unusual, however, and as is explained below, to our clients this lawsuit concerns matters of life or death for Correction Officers. In their view, and especially given the Union's role as the representative of nearly 9,000 Correction Officers who are facing serious bodily harm in the workplace, an expedient decision as to whether this case can proceed is crucial.

This lawsuit challenges the Defendants' implementation of nine (9) different policies that have collectively increased the work place dangers faced by Correction Officers and therefore violate an officer's constitutional right to be free from state created dangers under the Fourteenth Amendment of the US Constitution.[1] The lawsuit describes a number of violent incidents illustrating the increased

---

[1] The challenged policies are: 1) eliminating punitive segregation for Young Adult Inmates (ages 18-21) and replacing it with non-punitive alternative programs for them and Adolescent Inmates (ages 16-17), Compl. at ¶¶ 24-46; 2) limiting and

danger now facing Correction Officers. It further cites to a number of statistics from the annual Mayor's Management Report and from the Nunez Federal Monitor that confirm violence toward Correction Officers has increased since the implementation of these policies.

In the one year since the lawsuit's filing, the violence and danger faced by Correction Officers has exponentially increased and the newest set of statistics confirm this alarmingly upward trend. For example:

- May 2017 – The Vernon C. Bain Center – known as the jail barge – had to be locked down after three different inmate attacks on Correction Officers, one of whom was stabbed in the arm.

- September 2017 – A Correction Officer was slashed by an inmate using a 1.5 inch razor inside Manhattan Criminal Court.

- November 2017 – It was discovered that an inmate with a long history of viciously assaulting officers called the City's 311 hotline twice, threatening to kill a Correction Officer. The recording revealed that the inmate warned, "I am about to kill one of these officers; I am about to murder somebody." Thereafter, the inmate violently attacked a Correction Officer slamming a cell door into him and beating him senseless. Among other injuries, the officer sustained a fractured jaw and teeth displacement.

- December 2017 – A Correction Officer was attacked by three gang affiliated inmates at the Anna M. Cross Center.

- February 2018 - A Correction Officer at the George Motchan Detention Center was brutally attacked by five inmates affiliated with the Bloods gang, breaking his back. The officer also sustained a life threatening brain bleed.

- Most recently, the month of March 2018 has seen a particularly brutal spike in assaults on officers. A Correction Officer sustained a broken nose when she was punched in the face by an inmate while trying to break up an inmate fight. Another Correction Officer was repeatedly punched in the face while escorting an inmate out of Bronx Criminal Court. Two other Correction Officers were assaulted inside the George R. Vierno Center, with one being slashed several times by an inmate with a longstanding history of mental illness. Another officer sustained a broken nose and first and third degree burns when attacked by an inmate with a track record of assaulting officers.

- The 2018 Mayor's Management Report confirms assaults on staff are up by an alarming rate of 42% since 2014.

---

eliminating punitive segregation policies for Adult Inmates (ages 22 and above), Id. at ¶¶ 47-64; 3) failure to utilize pre-hearing detention against assaultive inmates, Id. at ¶¶ 65-74; 4) haphazard implementation of a restrictive Use of Force Policy, Id. at ¶¶ 75-84; 5) failure to provide overall training and re-training for officers and adequate training facilities, Id. at ¶¶ 85-104; 6) housing highly assaultive inmates in West Facility which is designed for housing communicable disease inmates, Id. at ¶¶ 105-118; 7) housing inmates of like gang affiliation together thus allowing them to act concertedly against correction officers, Id. at ¶¶ 119-130; 8) failing to properly equip officers against attacks from highly assaultive inmates, Id. at ¶¶ 131-141; and 9) misreporting or underreporting violence in the jails against officers, Id. at ¶¶ 142-159.

- Just last week, DOC Senior Deputy Commissioner Timothy Farrell testified before the City Council and also confirmed that assaults on staff are on the increase.

As Your Honor can see, from what are only a few examples above, an already dire situation is only getting worse day by day and it is only a matter of time before broken noses and backs turn into loss of a life. It is in light of this critical juncture, we are compelled to make this entreaty to the Court.

We understand that the Court's docket contains numerous other matters which raise issues of varying importance. We implore the Court herein because the issues implicated here -- safety, protection of constitutional rights, and most importantly preservation life -- are issues of paramount importance requiring federal court intervention as expediently as is possible.

We thank you for your time and attention to this matter.

Respectfully submitted,

By: __/s/__ Cynthia Devasia, Esq.__
   Cynthia Devasia, Esq.


cc: Alan Schlesinger, *Counsel for City (via ECF)*