

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ALAN M. SCHLESINGER
Senior Counsel
(212) 356-2628
aschlesi@law.nyc.gov
(E-Mail **Not** For Service Of Papers)

May 7, 2018

**By ECF**

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re: *Correction Officers' Benevolent Ass'n v. City Of New York, et al.*,
       17 Civ. 2899 (LTS)(JCF)
       Our No. 2017-018199

Dear Judge Swain:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced action. Defendants object, to plaintiffs' unsolicited letter to the Court, dated May 1, 2018 (Dkt No. 47) ("COBA Letter") and move that it be struck from the record.

    First, plaintiffs have not sought Court permission to file a sur-reply concerning the motion to dismiss and have not received permission to file a sur-reply. For this reason, standing alone, the COBA Letter must be rejected and stricken from the record. Defendants note that in January, 2018, the union sent unsolicited, *ex parte* information to the Court and the Court rejected that information. *See* letter from the Court to the COBA president, dated February 13, 2018 (Dkt No. 45). While the COBA Letter at issue now was not *ex parte* it is still improper and should also be rejected.

    Second, plaintiffs have not set forth any grounds which could possibly justify requesting the opportunity to sur-reply. Certainly, simply sending a sur-reply to the Court is grossly improper. Plaintiffs have not even attempted to do show a reason to seek leave for a sur-reply. Generally, a sur-reply might be permitted where a reply has raised a new matter. *See, e.g*. *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 945 F. Supp. 693, 708 (S.D.N.Y. 1996). Even in those extraordinary cases, not present here, the papers <u>cannot</u> accompany the request for permission to file a sur-reply.

**HONORABLE LAURA TAYLOR SWAIN**
United States District Judge
Correction Officers' Benevolent Ass'n v. City Of New York, et al.,
17 Civ. 2899 (LTS)(JCF)
May 7, 2018
Page 2

> The proposed . . . papers should not accompany the request for leave to submit them. To permit the . . . papers to accompany the request, as they do in the instant case, is to enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance. Therefore, the . . . papers themselves shall not be submitted until the court, having received and reviewed the application to file, invites them.

*United States v. International Business Machines Corp.,* 66 F.R.D. 383, 385 (S.D.N.Y. 1975). Once again the COBA Letter must be rejected and stricken from the record.

Third, there is simply nothing new in the COBA Letter. All of the incidents cited in the COBA Letter concern violence perpetrated by inmates in correctional facilities operated by the Department of Correction ("DOC"). Some of the inmates have been charged with additional crimes as a result of these incidents. It has long been known that correctional facilities can be dangerous places and the incidents cited by plaintiffs are examples of this unacceptable fact. These examples of inmate violence are allegedly akin to those cited in the complaint and in plaintiffs' opposition papers. They are certainly not to be countenanced and COBA does not contend that DOC failed to respond to these incidents with the utmost seriousness, including criminal charges. However, regrettable as these incidents are, the actions of inmates are not the subject of the Constitution's Due Process Clause, which is meant to restrain the government from affirmative actions. *See DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 196, (1989); *Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007)("[o]nly an affirmative act can amount to a violation of substantive due process, because Due Process is phrased as a limitation of the State's power to act, not as a guarantee of certain minimal levels of safety and security"). Of course, plaintiffs do not now, nor have they ever, contended that the DOC encouraged or condoned inmate violence.

Nor do these incidents make the choice of policies for operating DOC facilities a violation of the substantive component of the Due Process Clause. As we noted in our motion, many of these policies were adopted in accordance with the *Nunez* stipulation. Viewed objectively, the adoption of policies for the operation of correctional facilities and the better care and custody of inmates is not the kind of egregious and outrageous conduct by the government that may fairly be said to shock the conscience. *See Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). This is an end to this case. It need only be added that plaintiffs have not sought to amend or supplement the complaint to add the allegations set forth in the COBA Letter and that any such amendment or supplementation would be futile.

**HONORABLE LAURA TAYLOR SWAIN**
United States District Judge
Correction Officers' Benevolent Ass'n v. City Of New York, et al. ,
17 Civ. 2899 (LTS)(JCF)
May 7, 2018
Page 3

      Fourth, plaintiffs' broadly conclude that the alleged policies summarized in the COBA Letter's footnote may increase the generalized risk to the employees who choose to work in correctional facilities, including the members of COBA. This cannot suffice to state a substantive Due Process Claim. *See* COBA Letter n.1. It is purely speculative and even the COBA Letter does not attempt to provide any facts that might draw a causal connection between any particular policy mentioned in the COBA Letter's footnote and any particular incident, much less plausibly allege that the policy was the proximate cause of any injury. Rather, COBA contents itself with the broad conclusion, or perhaps expression of opinion, that the policies as a whole may cause rising violence. This is insufficient to state a substantive Due Process Clause claim. *See Lombardi*, 485 F.3d at 81 (state created danger theory is available only where the harm is foreseeable and "fairly direct")(citing *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006)(which quoted *Kneipp v. Tedder,* 95 F.3d 1199, 1208 (3d Cir. 1996)).

      Fifth, once again, COBA does not allege facts that might tend to show that defendants are negligent, much less indifferent, to the working condition of DOC staff, including Correction Officers. This was one of the numerous fatal flaws of the complaint. Here, plaintiffs confine themselves again to simply contending that these policies are not the policies that COBA would choose were the union running the correctional facilities. The creation of effective and lawful policies to operate correctional facilities requires sensitivity to, and balancing of, the interests of all concerned, the staff, the inmates, and the public. It also requires expertise in the operations of correctional facilities. Indeed, the myriad of competing and countervailing governmental obligations which must be balanced in arriving at the policies attacked in the case at bar prevent any finding that the DOC's selection of particular policies shocks the conscience or violates substantive Due Process. *Lombardi*, 485 F.3d at 82-83. Defendants' choice to continue running correctional facilities rather than to abandon policy to COBA or any other union does not violate the Constitution.

      In sum, COBA seeks to trap the DOC between the strictures of the *Nunez* stipulation and the wall of substantive Due Process, leaving little if any breathing space for DOC to operate the facilities. This is precisely the evil against which the Supreme Court warned in *Lewis*. We once again respectfully request that the COBA Letter be rejected and struck from the record, and that the complaint be dismissed.

      Defendants can, if the Court desires, provide further information concerning the incidents in the COBA Letter either in a more formal response or in a more formal motion to strike the COBA Letter. We think that entertaining the COBA Letter will not simply violate the Federal Rules of Civil Procedure but will also lead, as a practical matter, to the Court becoming enmeshed in the details of the operation of DOC's correctional facilities. Defendants urge the Court to reject the COBA Letter and strike it form the record.

**HONORABLE LAURA TAYLOR SWAIN**
United States District Judge
<u>Correction Officers' Benevolent Ass'n v. City Of New York, et al.</u>,
17 Civ. 2899 (LTS)(JCF)
May 7, 2018
Page 4

        Thank you for your consideration of this matter.

                                              Respectfully submitted,

                                              /s/ *Alan Maer Schlesinger*

                                              Alan M. Schlesinger
                                              Assistant Corporation Counsel

cc:    Koehler & Isaacs, LLP
         (By ECF)