# KOEHLER & ISAACS LLP

**ATTORNEYS AT LAW**
61BROADWAY, 25TH FLOOR
NEW YORK, NY 10006
Tel: (917) 551-1300   Fax: (917) 551-0030
www.koehler-isaacs.com

RICHARD J. KOEHLER
STEVEN ISAACS

———

MICHAEL R. BERTSCHI
LIAM L. CASTRO
RENA C. DAWSON
CYNTHIA DEVASIA
GABRIEL GREENBERG
JOEY JACKSON
DAWN K. KELLY
DAVID KIRSCH
MERCEDES M. MALDONADO
JULIE ORTIZ
FELICIA PINTO
ANDREW ROWE
JULIE  PEARLMAN SCHATZ
ANN SCHNEIDER
ELYSE SILVERMAN
PETER C. TROXLER
GREG WATFORD
HOWARD G. WIEN

OF COUNSEL
RAYMOND J. AAB
JESSICA SALLES
BARRY WASHOR

WRITER'S DIRECT DIAL
(917) 551-1352



May 8, 2018

**<u>VIA ECF</u>**
Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**Re: Correction Officers' Benevolent Association et. al. v.
City of New York, et al.  17 v. 2899 (LTS)(JCF)**

Dear Judge Swain:

As counsel for the Plaintiffs in the above referenced matter, we submit this letter in response to the City's Motion to Strike letter ("City Letter") dated May 7, 2018.

It appears the City is operating on a fundamental misunderstanding of Plaintiffs' letter filed on May 1, 2018 ("Plaintiffs' Letter"). Plaintiffs' Letter urges the Court to decide the pending motion to dismiss. Given the unusual nature of this request, we felt compelled to explain to the Court the need for such an entreaty and highlighted some of the new examples of the dangers faced by Correction Officers since the lawsuit's filing last year. Plaintiffs' Letter is not, as the City claims, a violation of the Federal Rules, nor is it an *ex parte* communication --- a fact the City concedes.  Its stated objective is clear; it does not seek any new judicial action or intervention.

The City, however, mischaracterizes Plaintiffs' Letter as something it is simply not. It is not a "sur-reply" to the Motion to Dismiss that has already been fully briefed before Your Honor. Nor is Plaintiffs' Letter one that is, as the City describes, "requesting the opportunity to sur-reply." Plaintiffs' Letter does not address the substance of the Motion to Dismiss or related arguments and caselaw. Nor does Plaintiffs' Letter seek to amend or supplement the current Motion to Dismiss record.

Almost as obvious as the hyperbole employed by the City is that fact that it is the **City Letter** that is wholly improper both procedurally and substantively. The Federal Rules do not authorize a motion to strike material other than pleadings or portions of pleadings that constitute "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); See also McKinney v. Dzurenda, No. 3:10CV880 AVC, 2013 WL 1296468, at *1 (D. Conn. Mar. 27, 2013) (noting Rules are limited to striking pleadings or portions of pleadings, not other documents). Moreover, under Your Honor's Individual Rules, "prior to requesting judicial action" like a Motion to Strike, communication between the parties is required and no such efforts were made by the City.

We acknowledge that other courts have recognized that "…trial courts make use of their inherent power to control their dockets…when determining whether to strike documents or portions of a document." Zep Inc. v. Midwest Motor Supply Co., 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010); Anthony v. BTR Auto. Sealing Sys., 339 F.3d 506, 516 (6th Cir.2003). We submit that a letter that urges the Court to expedite a decision on a Motion to Dismiss for specified reasons is not the kind of document that warrants striking. Should the Court find it is proper to strike documents other than pleadings pursuant to its inherent power, we further submit that it is the **City Letter** that should be stricken because it expressly and improperly re-argues its Motion to Dismiss. For more than half of its letter, the City reiterates the case law and arguments it set forth in its Motion to Dismiss and Reply. Indeed, the City is not shy about its improper motives, plainly stating on pg. 3, "We once again request…that the Complaint be dismissed."

For the reasons stated herein, we request the Court refrain from entertaining the City's distortion of Plaintiffs' Letter in what is a palpably improper request.

Respectfully submitted,

KOEHLER & ISAACS LLP

By:   /s/   Cynthia Devasia, Esq.
      Cynthia Devasia, Esq.

cc: Alan Schlesinger, *Counsel for City (via e-mail)*