UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

CORRECTION OFFICERS' BENEVOLENT ASSOCIATION,
INC., ANTHONY ROMANO, individually
and on behalf of all others similarly situated, BRYAN ASHENDORF
individually and on behalf of all others similarly situated,
and JOHN and JANE DOES 1 – 2,000,

                                                     Plaintiffs,

-against-

THE CITY OF NEW YORK, MAYOR BILL DE BLASIO,
NEW YORK CITY DEPARTMENT OF CORRECTION,
and COMMISSIONER CYNTHIA BRANN,[1]

                                               Defendants.

**AFFIDAVIT OF E. HUSAMUDEEN IN SUPPORT OF PLAINTIFFS' MOTION SEEKING LEAVE TO FILE AN AMENDEDAND SUPPLEMENTAL COMPLAINT**

Case No. 17-CV-2899 (LTS)

--------------------------------------------------------------------------------X

**ELIAS HUSAMUDEEN,** declares under penalty of perjury pursuant to 28 U.S.C §1746

as follows:

1. I am the President of the CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, INC., (COBA), a Plaintiff in the above captioned action. COBA is the duly authorized exclusive bargaining representative for the approximately 10,000-plus uniformed members holding the title of "Correction Officer," employed within the Department of Correction (DOC) by Defendant City of New York (City).

---

[1] By Opinion and Order dated May 30, 2018, which dismissed the Original Complaint in this action in part, this Court substituted Defendant Commissioner Joseph Ponte with current Department of Correction Commissioner Cynthia Brann.

1

2. I submit this affidavit in furtherance of Plaintiffs' Motion for Leave to File an Amended and Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15 and in connection with Plaintiffs' Reply.

3. This action originally sought to challenge nine of Defendants' policies, practices and/or customs as violations of Plaintiffs' substantive due process right to be free from state created or increased dangers pursuant to the 14th Amendment of the U.S. Constitution. See generally Original Complaint (OC). The parties engaged in motion practice regarding the OC which culminated with this Court's previous Opinion and Order (Decision) dismissing Plaintiffs' claims without prejudice and granting Plaintiffs an opportunity to seek leave to amend.

4. The proposed First Amended and Supplemental Complaint (FASC) alleges a state created danger substantive due process violation against, essentially, the same defendants as asserted in the OC --- on the basis of one of the nine policies from the OC: Defendants' policy/practice/custom of falsely reporting violence occurring in the City Jails.

5. To that end, the FASC alleges a significant amount of new facts and includes exhibits in support of Plaintiffs' claim that Defendants' cover-up of violence (which includes concealment practices such as misreporting, underreporting, non-reporting and failing to hold inmates accountable for violent acts) has increased the danger in the City Jails, and in some cases, caused physical harm to Plaintiff Correction Officers.

6. In addition to the mountain of evidence attached to the FASC demonstrating the alleged false reporting, several outside agencies, news outlets, and Plaintiff

COBA have all uncovered additional examples of false reporting, Defendants assert, for the first time in a filing in this action, that the "massive and continuing oversight by a myriad of agencies ensures that, contrary to the conclusion urged by COBA it would be impossible for DOC to cover-up any statistics (meaningful or otherwise) concerning violence involving staff or inmates at the DOC facilities." See Defendants' Memorandum in Opposition to Plaintiffs' Motion to Amend the Complaint (Deft. Memo) at p. 16.

7. Accordingly, I respectfully submit for consideration in connection with Plaintiffs' Reply Memorandum, the report entitled "Serious Injury Reports in NYC Jails" (Report) issued by the New York City Board of Corrections (BOC) and made publicly available on or about January 7, 2019 which is attached hereto as Exhibit A. The Report is relevant to the claims asserted in the FASC and is submitted solely in response to Defendants' new claims regarding regulatory oversight and "impossibility" of a cover-up raised in their brief. Travelers Indem. Co. v. Excalibur Reinsurance Corp., No. 3:11-CV-1209 CSH, 2013 WL 4012795, at *1–2 (D. Conn. Aug. 5, 2013)

8. The Report presents a startling and definitive assessment --- contrary to Defendants' assertion --- that it is not only possible for DOC to cover-up violence statistics, but also that DOC has, in fact, covered up the violence.

9. The Report is a culmination of BOC's three month audit of serious injuries to inmates in DOC's custody. In sum, the Report documents large discrepancies between the number of serious injuries reported internally and publically by the DOC and those diagnosed by NYC Health + Hospitals' Correctional Health

3

Services (CHS), which is the institution responsible for managing health and mental health services in the City Jails.

10. Among other things, and relative to the instant lawsuit, the Report confirms that "DOC is underreporting serious injuries." By way of one example, the Report notes that, "In 2017, DOC reported 81% fewer *serious* injuries than CHS (158 v. 816)." Exhibit A at p. 10. In connection with another assessment spanning April through June 2018, the BOC noted that seventy-seven percent (77%) of the audited injuries based on CHS' records were **never** even reported by the Department. Id. at p. 12.

11. Presumably out of concern about DOC's underreporting of inmate injuries, the BOC included in its list of Recommendations that DOC should contract with an independent auditor to review the reporting of serious staff injuries. Id. at p. 23.

12. The Report makes it clear that Defendants' new found regulatory oversight "impossibility" claim in their Memo is untenable.

13. Accordingly, it is respectfully requested that this Court consider the attached Report when evaluating the merits of Plaintiffs' motion to amend.

14. I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 2/ , 2019
          New York, New York


ELIAS HUSAMUDEEN

4