UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CORRECTION OFFICERS' BENEVOLENT
ASSOCIATION, INC., TIFFANI DUBLIN,
individually and on behalf of all others
similarly situated, ANTHONY ROMANO,
individually and on behalf of all others
similarly situated, MATTHEW HINES,
individually and on behalf of all others
similarly situated, FRANCIS CASTRO,
individually and on behalf of all others
similarly situated, JOHN AND JANE DOES
1-2,000,

       Plaintiffs,

  -v-                                             No. 17 CV 2899-LTS

THE CITY OF NEW YORK, MAYOR BILL
DE BLASIO, NEW YORK CITY
DEPARTMENT OF CORRECTION, and
COMMISSIONER CYNTHIA BRANN,

       Defendants.

-------------------------------------------------------x

ORDER

       Plaintiffs, moving for leave to amend their complaint, allege that Defendants' deliberate underreporting of violence in New York City jails subjected them to a state-created danger pursuant to 42 U.S.C. § 1983. (First Motion to Amend/Correct Complaint, Docket Entry No. 56; Proposed First Amended and Supplemental Complaint ("PFASC"), Docket Entry No. 57-2, ¶¶ 181-202.) Defendants contend that such a theory of constitutional liability is unavailable to plaintiffs, because a state actor exposed them to a state-created danger, if at all, only within the context of an employment relationship, see Collins v. City of Harker Heights, 503 U.S. 115, 126-29 (1992), whereas Plaintiffs assert that such liability is not foreclosed, see

e.g., Kowaleski v. Lewis, 643 F. Supp. 2d 259, 271-74 (N.D.N.Y. 2009) (upholding a claim under the deliberate indifference standard where a plaintiff prison guard was subjected to harassment and other behavior that increased her risk of harm, after she reported misbehavior by other prison personnel).

The Parties have not addressed the narrower issue of whether, as a matter of law, Plaintiffs are precluded from asserting a state-created danger claim resulting in risks already inherent in their job and, if so, whether the risks arising from Defendants' alleged underreporting practices are inherent occupational risks of Correction Officers.  See e.g., Estate of Carrigan v. Park Cty. Sheriff's Office, No. 16-CV-3079-MSK-NRN, 2019 WL 1429282, at *4-6 (D. Colo. Mar. 29, 2019); see also Estate of Phillips v. D.C., 455 F.3d 397, 406 (D.C. Cir. 2006) (dismissing a state-created danger cause of action based on an alleged increase in the danger of the same type inherent in plaintiffs' work as firefighters).

Accordingly, the Parties are directed to file supplemental briefing to address the aforementioned issues.  Plaintiffs must file their additional brief, not to exceed 5 pages, by **May 6, 2019**, and Defendants must file their response, also not to exceed 5 pages, by **May 13, 2019**.

SO ORDERED.

Dated: New York, New York
April 26, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge